**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**RAVEL RODRIGUEZ,**

                    **Plaintiff,**

        -against-

**A.C.A. INDUSTRIES, INC. d/b/a**
**AMERICAN MAINTENANCE,**

                    **Defendant.**

**Date of Service: March 2, 2021**

 Index No.: 20 Civ. 5781 (DG)(AYS)

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

By:  Joshua Marcus, Esq.
     FRANKLIN, GRINGER & COHEN, P.C.
     *Attorneys For Defendant*
     666 Old Country Road, Suite 202
     Garden City, NY 11530-2013
     (516) 228-3131

## Table of Contents

TABLE OF AUTHORITIES.................................................................................................i

INTRODUCTION ...........................................................................................................1

SUMMARY OF PROCEEDINGS.......................................................................................2

FACTS ALLEGED IN THE COMPLAINT .........................................................................3

    POINT I: Motion To Dismiss Standard....................................................................6

        A. Documents Outside The Complaint A Court Can Consider On A Motion To Dismiss....6

    POINT II: Plaintiff Has Failed To Assert A Viable Claim of Retaliation Pursuant To The FLSA..........................................................................................................................8

        A. Plaintiff's FLSA Retaliation Claim Should Be Dismissed Because Plaintiff's Complaint Fails To Clearly Articulate A Complaint Of A FLSA Violation....................8

        B. Even if Plaintiff Articulated A Complaint, Plaintiff Has Failed To Demonstrate A Violation Of The FLSA...........................................................12

    POINT III: Plaintiff Has Failed To Assert A Viable Claim of Retaliation Pursuant To The NYLL...................................................................................................................16

    POINT IV: Plaintiff Has Failed to Sufficiently Allege Facts Which Would Raise A Plausible Inference Of An FLSA And/Or NYLL Overtime Violation...........................................17

CONCLUSION............................................................................................................21

## Table of Authorities

<u>**Cases**</u>

*Adkins v. Labor Ready, Inc.,* 303 F .3d  496 (4th Cir. 2002)
………..……………………………………………………………………………………... 14

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868
(2009)…………………………………………………………………………………….. 6, 12

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929
(2007)……………………………………………………………………………………….. 6, 12, 18

*Berman v. Sugo, LLC,* 580 F.Supp.2d 191 (S.D.N.Y
2008)……………………………………………………………………………………….. 7

*Briceno. v. USI Services Group, Inc.,* 2012 WL 4511626 (E.D.N.Y.
2012)……………………………………………………………………………………… 20

*Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697
(1945)……………………………………………………………………………………….. 5

*Bustillos v. Academy Bus LLC,* 2014 WL 116012 (S.D.N.Y.
2014)……………………………………………………………………………………….. 18-19

*Carter v. Countrywide Credit Indus., Inc.,* 362 F.3d 294 (5th Cir. 2004)
1984)……………………………………………………………………………………….. 14

*Castera v. Home Line Agency, Inc.,* 273 F.3d 943 (3d Cir
1959)……………………………………………………………………………………….. 5

*Cortec Inds., Inc. v. Sum Holding, L.P.* 949 F.2d 42 (2d Cir.
1991)……………………………………………………………………………………….. 7

*Cotto v. John C. Bonewicz, P.C.,* 2015 WL 3609167 (N.D. Ill.
2015)……………………………………………………………………………………….. 10-11

*Dejesus v. HF Mgmt. Servs.,* 726 F.3d 85 (2d Cir. 2013), *cert. denied,* 134 S. Ct. 918
(2014)……………………………………………………………………………………….. 18-19

*Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.,* 770 F. Supp. 2d 497 (E.D.N.Y.
2011)……………………………………………………………………………………….. 6, 12

*Dunn v. Sederakis,* 143 F. Supp.3d 102 (S.D.N.Y.
2015)……………………………………………………………………………………….. 9-10

*Epic Sys. Corp. v. Lewis,* 138 S. Ct. 1612, 200 L. Ed.2d 889
(2018)……………………………………………………………………………………….. 12-14

i

*Epifani v. Johnson*, 65 A.D.3d 224, 882 N.Y.S.2d 234 (2d Dep't 2009)............................................................................ 17

*Gaffers v. Kelly Services, Inc.*, 900 F.3d 293 (6th Cir. 2018)............................................................................ 14

*Gilbert v. Indeed, Inc*., 2021 WL 169111 (S.D.N.Y. 2021). ......................................................................................... 17

*Gilmer v. Interstate/Johnson Lane Corp.*., 500 U.S. 20, 111 S. Ct 1647, 114 L. Ed.2d 26 (1991)............................................................................ 12, 14

*Gisomme v. HealthEx Corp.*, 2014 WL 2041824 (E.D.N.Y. 2014) ......................................................................................... 19, 20

*Greathouse v. JHS Security, Inc.*, 784 F.3d 105 (2d Cir. 2015)............................................................................ 9, 10

*Grella v. St.Francis Hosp.*, 149 A.D.3d 1046, 53 N.Y.S.3d 330 (2d Dep't 2017)............................................................................ 17

*Hunt v. Raymor &Flanigan*, 105 A.D. 3d 1005, 963 N.Y.S.2d 722 (2d Dep't 2013)............................................................................ 15

*I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co.*, 936 F.2d 759 (2d Cir. 1991) ............................................................................ 7

*Int'l Audiotext Network, Inc. v. American Telegraph Co.*, 62 F.3d 69 (2d Cir. 1995)............................................................................ 7

*Jamaica Hosp. Med. Center v. Carrier Corp.*, 5 A.D.3d 442, 722 N.Y.S. 2d 592 (2d Dep't 2004)............................................................................ 15

*James v. Countrywide Fin. Corp.*, 849 F. Supp.2d 296 (E.D.N.Y 2012)............................................................................ 19

*Kasten v. St.-Gobain Performance Plastics Corp.*, 563 U.S. 1, 131 S. Ct. 1325, 179 L.Ed.2d 379 (2011)............................................................................ 9

*Lambert v. Genesee Hospital*, 10 F.3d 46 (2d Cir. 1993)............................................................................ 9

*Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013)............................................................................ 17-18, 21

*Manfield v. Alutiiq Intl. Solutions, Inc.*, 851F.Supp.2d 196 (D. Me. 2012)............................................................................ 11

*McNamara v. Associated Press*, 40 F.Supp.3d. 345 (S.D.N.Y. 2014)............................................................................ 10

ii

*Mullins v. City of New York*, 626 F.3d 47 (2d Cir. 2010)............................................................................................................ 8

*Nakahata v. New York Presbyterian Healthcare Sys.*, 723 F.3d 192 (2d Cir. 2013)............................................................................................. 9, 17-19

*Operating Local 649 Annuity Trust Fund v. Smith Barney Mgmt., LLC*, 595 F.3d 86 (2d Cir. 2010)..................................................................................... 6

*Owen v. Bristol Care, Inc.*, 702 F.3d 1050 (8th Cir. 2013)............................................................................................................ 13-14

*Patterson v. Raymours Furniture Co., Inc.* 659 Fed. Appx. 40 (2d Cir. 2016)............................................................................................................ 12

*Robledo v. No. 9 Parfume Leasehold.*, 2013 WL 1718917 (S.D.N.Y. 2013)............................................................................................................ 11

*Roth v. Jennings*, 489 F.3d. 499 (2d Cir. 2007)............................................................................................................ 6-7

*Serrano v. I. Hardware Distributors, Inc.*, 2015 WL 4528170 (S.D.N.Y. 2015)............................................................................................................ 19-20

*Spiteri v. Russo*, 2013 WL 4806960 (E.D.N.Y 2013)............................................................................................................ 19

*Sutherland  v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013)............................................................................................................ 13

*Tackie v. Keff Enters, LLC*, 2014 WL 4626229 (S.D.N.Y. 2014)............................................................................................................ 20

*Timberline Elec. Supp. v. Insurance Co. of N. Am.,* 72 A.D.2d 905, 421 N.Y.S.2d 987 (4th Dep't 1979)................................................................................................. 15

*Valerio v. Putnam Assocs., Inc.,* 173 F.3d. 35 (1st Cir. 1999)............................................................................................................ 10

*Walthour v. Chipio Windshield Repair, LLC,* 745 F.3d. 1326 (11th Cir. 2014)............................................................................................................ 13

*Watkins v. First Student, Inc.,* 2018 WL 1135480 (S.D.N.Y. 2018)............................................................................................................ 10, 17

*Williams v. Parkell Products, Inc.,* 91 Fed. Appx. 707 (2d Cir. 2003)............................................................................................................ 8

*Wolman v. Catholic Health Sys. Of Long Island, Inc.,* 853 F. Supp.2d 290 (E.D.N.Y. 2012)........................................................................................... 20

# Table of Contents

TABLE OF AUTHORITIES............................................................................................................i

INTRODUCTION ...........................................................................................................................1

SUMMARY OF PROCEEDINGS...................................................................................................2

FACTS ALLEGED IN THE COMPLAINT ...................................................................................3

    POINT I: Motion To Dismiss Standard…………………………………………...…………6

        A. Documents Outside The Complaint A Court Can Consider On A Motion To Dismiss….6

    POINT II: Plaintiff Has Failed To Assert A Viable Claim of Retaliation Pursuant To The FLSA…..................................................................................................................................8

        A. Plaintiff's FLSA Retaliation Claim Should Be Dismissed Because Plaintiff's Complaint Fails To Clearly Articulate A Complaint Of A FLSA Violation………………..8

        B. Even if Plaintiff Articulated A Complaint, Plaintiff Has Failed To Demonstrate A Violation Of The FLSA…………………………………………..……...…………12

    POINT III: Plaintiff Has Failed To Assert A Viable Claim of Retaliation Pursuant To The NYLL……………………………………………………………………………16

    POINT IV: Plaintiff Has Failed to Sufficiently Allege Facts Which Would Raise A Plausible Inference Of An FLSA And/Or NYLL Overtime Violation……………………………...............17

CONCLUSION…………………………………………………………………………………21

**INTRODUCTION**

Defendant A.C.A. Industries, Inc. d/b/a American Maintenance ("American Maintenance"), brings this motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff Ravel Rodriguez (hereinafter "Rodriguez") has failed to properly state actionable claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") and New York Labor Law ("NYLL"). Specifically, Plaintiff has failed to state a claim for retaliation brought pursuant to the FLSA and NYLL on the basis that Plaintiff objected to signing an arbitration agreement because conditioning employment upon the signing of an arbitration agreement is permissible as a matter of law. Moreover, Plaintiff has failed to properly plead how his refusal to sign the arbitration agreement placed Defendant on notice that Plaintiff was asserting rights protected by the FLSA or NYLL. Further, while this Court need not consider whether the Arbitration Agreement is proper, recent decisions by the Supreme Court and other Courts have held that as there is a strong policy of enforcing arbitration agreements pursuant to the Federal Arbitration Act ("FAA"). As the FLSA and NYLL do not expressly state that claims brought pursuant to those statutes cannot be arbitrated, Courts have held that arbitration of such claims does not afoul of those statutes even if it would result in a waiver of a jury trial and/or the right to bring a claim as a collective and/or class action. Moreover, Plaintiff's claim that the Arbitration Agreement contains a fee shifting provision is demonstrably false as such agreement merely states that an arbitrator may award attorneys' fees pursuant to statute. Similarly, Plaintiff's claim that the Arbitration Agreement impermissibly shortens the statute of limitations ignores case law which explicitly states that a statute of limitations may be contractually shortened.

1

Plaintiff's claims for unpaid overtime brought pursuant to the FLSA and NYLL should be dismissed on the basis that Plaintiff has failed to plead specific facts setting forth a plausible claim of unpaid overtime pursuant to those statutes. Contrary to recent Second Circuit case law, Plaintiff has failed to allege sufficient facts in his Complaint to demonstrate that Plaintiff worked over 40 hours in a week other than conclusory statements that he worked "about45-60" hours per week, which is insufficient as a matter of law. Further, Plaintiff's claims that he had a deduction for a meal period and/or was not paid for time driving to and from work are not actionable as Plaintiff has failed to plead plausible facts in support of such claims. Thus, Plaintiff's FLSA and NYLL retaliation and overtime claims must be dismissed, the Court should decline to retain jurisdiction over Plaintiff's state law claims, and Plaintiff's Complaint should be dismissed in its entirety.[1]

## SUMMARY OF PROCEEDINGS

On or about November 30, 2020 Plaintiff filed a complaint (the "Complaint")[2] in the Eastern District of New York. Plaintiff's Complaint contains five causes of action. Plaintiff's first and second causes of action assert claims for unpaid overtime pursuant to the FLSA and the NYLL respectively. Marcus Aff., Ex. A, pp. 6-8. Plaintiff's third cause of action asserts recordkeeping violations pursuant to the NYLL. *Id.*, pp. 8-9. Plaintiff's fourth and fifth causes of action assert claims for retaliation pursuant to the FLSA and the NYLL. *Id.*, pp. 9-10.

On January 15, 2021, Defendant filed a letter with the Court requesting a pre-motion conference to address its proposed motion to dismiss Plaintiff's Complaint. On January 23, 2021,

---

[1]     To the extent this Court does not dismiss Plaintiff's state law claims, the Court should not exercise supplemental jurisdiction over such claims and Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

[2]     The Complaint is annexed to the Affirmation of Joshua Marcus (herein "Marcus Aff.") as Exhibit A, dated March 2, 2021.

2

Plaintiff submitted a letter in opposition. After a pre-motion conference with Your Honor on February 9, 2021, Your Honor granted Defendant's request to make its motion and set a briefing schedule.

## **FACTS ALLEGED IN THE COMPLAINT**[3]

In his Complaint, Plaintiff Rodriguez asserts that he worked for Defendant American Maintenance as a cleaner from approximately April 2018 until October 30, 2020. See Marcus Aff., Ex. A, ¶¶ 10, 12. Plaintiff asserts he worked "about 45-60" or more hours a week for Defendant- 5-7 days a week. *Id.*, ¶ 17. Plaintiff in his Complaint further asserts he was not paid for all hours worked in a week including non-overtime and overtime hours worked for each week he worked for Defendant. *Id.*, ¶ 15. Plaintiff further asserts Defendant had a "policy and practice" of deducting from Plaintiff, payment for 30 minutes daily for lunch breaks and Plaintiff is entitled to "non-overtime and overtime wages for about 3-3.5 hours per week for each week he was employed by Defendant." *Id.* Plaintiff also asserts he was not compensated for overtime for driving to and from Defendant's job sites and for time taking care of Defendant's vehicle and equipment. *Id.*, ¶ 16. Those are the only factual allegations Plaintiff asserts concerning his claims for overtime pursuant to the FLSA and NYLL in his Complaint.

Plaintiff also asserts that in or about October 23, 2020, Defendant provided Plaintiff with a "written waiver" which Defendant required Plaintiff to sign if he wanted to continue to work for Defendant. *Id.*, ¶ 20. Plaintiff's characterization in his Complaint that the Arbitration Agreement was a "written waiver" is disingenuous and inaccurate. It appears that the "written

---

[3]     Defendant vigorously disputes the allegations in Plaintiff's Complaint, and it is Defendant's assertion that Plaintiff's Complaint contains demonstrably false statements such as Plaintiff's allegations that Defendant failed to present Plaintiff wage statements and notices as set forth in the NYLL and failed to pay Plaintiff overtime. However, for the purpose of Defendant's motion to dismiss, the facts asserted in Plaintiff's Complaint will be deemed true.

waiver" Plaintiff refers to in his Complaint was actually an agreement to arbitrate employment disputes. Such Arbitration Agreement is a comprehensive agreement that states all disputes relating to Plaintiff's employment would be subject to arbitration. See Marcus Aff., Ex. B. The Arbitration Agreement is not limited to wage and hour claims and states that all claims arising out of the employee's employment would be subject to arbitration including but not limited to breach of contract claims, tort claims, claims for wages, claims for discrimination and claims under numerous enumerated state and federal laws. *Id.*, pp.1-2. The Arbitration Agreement however does carve out that certain claims (such as workers' compensation, unemployment) as well as claims that cannot be arbitrated as a matter of law are not subject to arbitration agreement. *Id.*, p. 2. The Arbitration Agreement clearly and explicitly states that by agreeing to arbitrate his claims, the employee is giving up his right to a trial by jury and is giving up his right to bring class and/or collective claims. *Id.* pp. 2-3. The Arbitration Agreement also states that to ensure employment issues are dealt with in a quick and efficient manner, claims must be filed within six months of the employment action. *Id.*, p.3. Finally, the Arbitration Agreement has a severability clause that states that if any provision of the Arbitration Agreement is unenforceable or void, such provision shall be severed, and the remainder of the agreement shall remain valid. *Id.*, p.4.

Plaintiff asserts that on October 27, 2020 and October 30, 2020 he was told, signing the agreement was a condition of continued employment and his employment would be terminated if he did not sign the Arbitration Agreement. Marcus Aff., Ex. A, ¶ 24. Plaintiff asserts he did not sign the agreement and his employment was terminated. *Id.*

In his Complaint, Plaintiff asserts that he objected to the Arbitration Agreement because it required him to waive several significant rights. *Id.*, ¶ 21. However, Plaintiff in his Complaint

4

does not assert what specific complaint Plaintiff made to Defendant concerning the agreement

other than that Plaintiff objected to the agreement. Rather, the Complaint asserts legal theories as

to why Plaintiff's counsel believes the Arbitration Agreement presented to Plaintiff is improper

by citing specific references to the FLSA and the NYLL and case law. *Id*., ¶ 21-22. For

example, Plaintiff's Complaint states:

> 21.     Plaintiff objected to Defendant's waiver agreement because it required
> him to waive several significant rights- including rights under the FLSA and
> NYLL. First, Defendant's waiver agreement required Plaintiff to waive his wages
> and wage rights under the FLSA and NYLL by imposing a six month statute of
> limitations instead of the 2-3 years statute of limitations under the FLSA at 29
> USC 255 and NYLL's six-year statute of limitations period at NYLL 663, 198.
> Second, Defendant's waiver agreement required Plaintiff to waive his significant
> fee rights under the FLSA. In this regard, the FLSA 29 USC 216(b) and NYLL
> (NYLL 663, 198) only permits fees to the prevailing Plaintiff, but Defendant's
> waiver agreement, would require Plaintiff to pay legal fees to Defendant if he
> loses his claim. Third, Defendant's wavier agreement required Plaintiff to waive
> his right under 29 USC 216(b), to bring and participate in a collective action.
> Fourth, Defendant's waiver agreement required Plaintiff to waive his rights under
> the FLSA 29 USC 216(b) and NYLL (NYLL 663, 198) to bring an action in
> Court and instead required Plaintiff to arbitrate his claims and waive his
> constitutional right to a jury trial.

> 22. Plaintiff in good faith opposed Defendant's requirement that he sign its waiver
> agreement including the waiver of significant FLSA and NYLL rights. Moreover,
> FLSA rights cannot be privately waived by employees and employers- including
> by comment or agreement. See i.e., *Brooklyn Savings Bank v. O'Neil*, 324 U.S.
> 697 (1945); *Castera v. Home Lines Agency, Inc*., 273 F.3d 943, 944, 946, (3d Cir.
> 1959); *Cheeks v. Freeport Pancake House, Inc.*, 796 F 3d 199 (2d Cir. 2015).
> Similarly, NYLL rights also cannot be privately waived by employer and
> employers. See i.e., NYLL 663 ("Any agreement between the employee, and the
> employer to work for less than such wage shall be no defense to such action.")

However, other than Plaintiff's counsel's legal theories as to why Plaintiff's attorney *post hoc*

incorrectly believes such Arbitration Agreement violated the FLSA, Plaintiff has failed to assert

in his Complaint any specific statements made to Defendant as to what about the Arbitration

Agreement he was objecting to other than a general statement that he generally objected to the

Arbitration Agreement. (See Ex. A, ¶¶ 22-24).

5

# POINT I

# MOTION TO DISMISS STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, supra, 550 U.S. at 555). A complaint must therefore contain more than "'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, supra, 550 U.S. at 557). Moreover, while a court reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss must generally deem all allegations of fact in a complaint to be true, this "tenet . . . is inapplicable to legal conclusions." *Id.*; *see also Twombly*, supra, 550 U.S. at 555 (explaining that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). A complaint has facial plausibility only if it pleads a "set of facts sufficient to 'raise a right to relief above the speculative level.'" *Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 506 (E.D.N.Y. 2011) (quoting *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt., LLC*, 595 F.3d 86, 91 (2d Cir. 2010)).

A. Documents Outside The Complaint A Court Can Consider On A Motion To Dismiss

A court may not review documents other than the complaint in ruling on a motion made pursuant to Fed. R. Civ. P. 12 (b)(6) without converting the motion to summary judgment except that "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. In addition, even if not attached or incorporated by reference, a document, 'which [the complaint] solely relies and which is integral to the complaint' may be considered by the court in ruling on the motion." *Roth v. Jennings*, 489

6

F. 3d 499, 509 (2d Cir. 2007). Documents referred to in a Complaint which Plaintiff had access can be deemed to be incorporated by reference and can be considered on a motion to dismiss. See *Cortec Inds., Inc. v. Sum Holding, L.P.*, 949 F. 2d 42, 47-8 (2d Cir. 1991) ("[W]hen a plaintiff chooses not to attach the complaint or incorporate by reference a [document] by which it solely relies and which is integral to the complaint, the defendant may produce the [document] when attaching the complaint for its failure to state a claim, because plaintiff should not be easily allowed to escape the consequence of its own failure . . . Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.") The Second Circuit has subsequently held several times that documents specifically referenced in a Complaint upon which a Plaintiff has relied upon in drafting a complaint and which a plaintiff has actual notice of can be considered in a motion to dismiss without converting such motion to a summary judgment motion.") See *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 762 (2d Cir. 1991) (holding a plaintiff cannot "evade a properly motion to dismiss simply because plaintiff has chosen not to attach the document to the complaint." *Int'l Audiotext Network, Inc. v. American Telegraph Co.*, 62 F.3d 69, 70-2 (2d Cir. 1995) (holding document upon which plaintiff relies heavily upon its term and effect should be incorporated by reference and considered on a motion to dismiss); *Berman v Sugo, LLC*, 580 F. Supp.2d 191, 201 (S.D.N.Y. 2008) (same). Herein, Plaintiff clearly refers to the Arbitration Agreement in his Complaint. (see Marcus Aff., Ex A, ¶ 20-24). Further, it is clear Plaintiff relied upon such document in drafting its complaint in the instant action and Plaintiff had actual notice of the existence of such document. *Id.* Accordingly, it should properly be considered in connection with Defendant's motion to dismiss.

## POINT II

## PLAINTIFF HAS FAILED TO ASSERT A VIABLE CLAIM OF RETALIATION PURSUANT TO THE FLSA

The anti-retaliation provision of the FLSA, 28 US.C. § 215(a)(3), prohibits retaliation against any person who has "filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . ." A plaintiff alleging retaliation under FLSA must first establish a *prima facie* case of retaliation by showing (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." See *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). Plaintiff in has Complaint has failed to properly plead that he engaged in a protected activity known to the Defendant.

A. Plaintiff's FLSA Retaliation Claim Should Be Dismissed Because Plaintiff's Complaint Fails To Clearly Articulate A Complaint Of A FLSA Violation.

It should be noted at the outset that conditioning employment upon the signing of an arbitration agreement is not in of itself unlawful.[4] See *Williams v. Parkell Products, Inc.*, 91 Fed. Appx. 707, 708-9 (2d Cir. 2003) ("It is well settled that conditioning the employment on the acceptance of an agreement to arbitrate disputes, including those arising under civil rights laws is not itself unlawfully coercive.").[5] Accordingly, an employer is within its rights to condition continued employment upon the signing of an arbitration agreement.

---

[4]     Notably, Plaintiff's Complaint merely asserts that Plaintiff (like other employees) was told his continued employment was conditioned upon signing the Agreement. Ex. A, ¶ 20. This is no different than conditioning employment at the outset upon the signing of an arbitration agreement. Plaintiff does not assert Defendant engaged in any fraud or duress in requesting he sign the agreement.

[5]     Moreover, as discussed in more detail, *infra,* the FLSA itself does not bar arbitration agreements.

8

Moreover, the FLSA itself does not contain any prohibition against arbitration agreements. In fact, courts have noted that as the FLSA only requires the payment of minimum wages and overtime, and thus complaints pursuant to the FLSA are only actionable if they clearly articulate an employer's failure to pay minimum wages and overtime. *Dunn v Sederakis*, 143 F. Supp.3d 102, 112 (S.D.N.Y 2015) quoting, *Nakahata v. New York Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)("The FLSA statute requires payment of minimum wages and overtime wages only.") Accordingly, general complaints regarding the signing of an arbitration agreement would not trigger the FLSA's anti-retaliation provision.

Furthermore, the Supreme Court and the Second Circuit have held that a party making a complaint pursuant to the FLSA must clearly articulate the manner in which the employer is alleged to have violated the FLSA. As the FLSA's anti-retaliation provision prohibits retaliation against any person who has "filed any complaint or instituted or caused to be instituted any proceeding" prior to the Supreme Court's decision in *Kasten v. St.-Gobain Performance Plastics Corp*, 563 U.S. 1, 131 S. Ct. 1325, 179 L.Ed.2d 379 (2011), the Second Circuit had held that to be an actionable complaint pursuant to the FLSA, such complaint must be written and had to be made after the complainant had filed a complaint with a governmental agency. See e.g. *Lambert v. Genesee Hospital*, 10 F.3d 46 (2d Cir. 1993). After the Supreme Court's decision in *Kasten*, supra, the Second Circuit in *Greathouse v. JHS Security, Inc.*, 784 F.3d 105 (2d Cir. 2015) held that informal complaints to a supervisor may be actionable but did not address whether such complaints must be in writing. However, the Second Circuit and its progeny in interpreting *Krasten*, noted that the Supreme Court made it clear that not every oral complaint would be actionable pursuant to FLSA and the FLSA does not convert an employer's breach of contract claim into a violation of federal law or federalizes disputes between employers and employees.

9

See e.g., *Dunn*, supra, 143 F. Supp.3d at 110-11, quoting *McNamara v. Associated Press*, 40 F.

Supp.3d 345, 354 (S.D.N.Y. 2014). As the Second Circuit in *Greathouse* held:

> Our reading is subject, however to certain limitations, As observed in part by the *Kasten* Court whether the fil[ing of a] complaint" especially an oral complaint delivered directly to an employer—constitutes an act protected by FLSA is a content dependent inquiry. In some circumstances, an employer may find it difficult to recognize an oral complaint as one invoking rights protected by FLSA. It seems to us inconsistent with *Kasten* to elevate a grumble in the hallway about an employer's payroll practice to a complaint 'filed' with the employer within the meaning of section 215(a)(3). Indeed the Supreme Court observed in *Krasten* that the phrase 'filed any complaint' contemplates some degree of formality' but described the level of formality necessary in the employer's interest in knowing when it need take care to avoid action that might be seen as retaliatory: 'where the recipient has been given fair notice that a grievance has been lodged and does, or should, reasonably understand the matter as part of its business concerns.'
>
> Recognizing the potential for ambiguity in oral communications, yet desiring not to impair the enforcement framework adopted in the statute, the Kasten Cort explained that 'a complaint is 'filed' [only] when a reasonable, objective person would have understood the employee to have put the employer on notice that the employee is asserting statutory rights under the Act.' The employee need not invoke the Act by name, but as the Court concluded, '[t]o fall within the scope of the anti-retaliation provision, a complaint must be sufficiently clear and detailed for a reasonable person to understand it, in light of both content and context, an assertion of rights protected by the statute and a call for their protection.'

*Greathouse,* supra, 784 F.3d at 130-31 (citations omitted).

Courts have subsequently held that the protected complaint must be framed in a way

where a reasonable person would understand that the employee is asserting the employer

violated the rights protected by the FLSA by a clear articulation of facts indicative of illegality

and a call for their protection. See e.g., *Watkins v. First Student, Inc.*, 2018 WL 1135480, at *10

(S.D.N.Y. 2018) *Dunn, supra,* 143 F. Supp.3d at 112. Thus, "abstract grumblings" do not pass

muster. See e.g., *Valerio v. Putnam Assocs., Inc.*, 173 F.3d 35, 44 (1st Cir. 1999). Likewise,

general complaints such as not receiving pay, not being paid for all hours worked or working

conditions do not pass muster. See e.g., *Dunn*, supra, 143 F.Sup.3d at 112-13; See also *Cotto v.*

*John C. Bonewicz, P.C.*, 2015 WL 3609167 (N.D. Ill. 2015), *Manfield v. Alutiiq Intl. Solutions, Inc.*, 851 F.Supp.2d 196, 206 (D. Me. 2012); *Robledo v. No. 9 Parfume Leasehold*, 2013 WL 1718917, at *9 (S.D.N.Y. 2013).

Herein, Plaintiff's Complaint fails to articulate any complaint made by Plaintiff to Defendant that would put Defendant on notice that Plaintiff was complaining about an FLSA violation. Plaintiff's Complaint merely asserts that Defendant required Plaintiff to waive "several significant rights". See Marcus Aff., Ex. A, ¶ 21. Yet, other than saying Plaintiff generally objected to Plaintiff's "waiver" agreement, in the Complaint, Plaintiff has failed to articulate what Plaintiff's actual complaint to Defendant was concerning the Arbitration Agreement which would put Defendant on notice that Plaintiff was articulating a complaint relating to the FLSA rather than the Arbitration Agreement in general. Given that the Arbitration Agreement covers any and all claims rather than only claims brought pursuant to the FLSA, Plaintiff protesting that the Arbitration Agreement would require him to waive several rights does not constitute notice that Plaintiff is waiving his rights pursuant to the FLSA. Simply put, asserting that an employee objected to the terms of an arbitration agreement does not in of itself trigger FLSA's retaliation provision.

Admittedly, Plaintiff's Complaint does assert that the Arbitration Agreement was improper for several legal reasons. *Id.*, ¶ 21. However, such assertions appear to be legal invocations that cite specific legal statutes and articulate the manner Plaintiff's counsel (incorrectly) believes Defendant's Arbitration Agreement violates the FLSA and NYLL. *Id.* However, it is clear from a plain reading of the Complaint that these are not actually what Plaintiff complained about to Defendant. It is axiomatic that conclusory legal conclusions are not entitled to the assumption of truth and do not satisfy Plaintiff's pleading requirements

11

pursuant to Fed. R. Civ. P. 8. *Twombly*, supra, 550 U.S. at 555; *Iqbal*, supra, 556 U.S. 662 at 680 *Desilva, supra* 770 F. Supp. 2d at 506. To hold otherwise would permit an employee to generally object to an arbitration agreement and when not hired or having their employment terminated sue allegedly pursuant to the FLSA without a protected activity and without asserting such complaint violated the FLSA. This would be in direct contradiction to the FLSA and applicable law. Accordingly, Plaintiff's retaliation cause of action pursuant to the FLSA fails as a matter of law.

B. Even If Plaintiff's Complaint Articulated A Complaint, Plaintiff Has Failed to Demonstrate A Violation Of The FLSA.

As Plaintiff's Complaint fails to assert how Plaintiff clearly articulated a violation of the FLSA to Defendant, the Court's inquiry should end, and Plaintiff's Complaint should be dismissed. However, even assuming *arguendo* that Plaintiff clearly articulated a violation of the FLSA, Plaintiff's arguments concerning why the Arbitration Agreement violates the FLSA have been rejected by the Supreme Court, Second Circuit, and other Courts.

First, Plaintiff asserts in his Complaint that Defendant's Arbitration Agreement violates the FLSA in that it would require Plaintiff to waive his right to a jury trial by requiring Plaintiff to arbitrate his claims. See Marcus Aff., Ex. A, ¶ 21. Plaintiff also asserts the Arbitration Agreement is impermissible in that the agreement waives Plaintiff's right to bring a collective action. *Id*. Both arguments have expressly been rejected by the Supreme Court and other courts. In *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 200 L. Ed.2d 889 (2018), and its progeny the Supreme court held that a federal statute does not displace the Federal Arbitration Act ("FAA") unless such statute includes a clear and manifest intent to make arbitration agreements unenforceable. See also *Patterson v. Raymours Furniture Co., Inc*., 659 Fed. Appx. 40 (2d Cir. 2016); *Gaffers v. Kelly Services, Inc*., 900 F.3d 293 (6th Cir. 2018); See also *Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20, 27, 111 S. Ct. 1647, 114 L. Ed.2d 26 (1991). As set

forth in *Epic Systems*, the Supreme Court reaffirmed that the FAA requires courts to rigorously

enforce arbitration agreements and the FAA establishes a liberal federal policy favoring the

enforceability of arbitration agreements. *Id.* 138 S. Ct. at 1621. As the FAA establishes a strong

policy favoring arbitration agreements, the Supreme Court noted that a party arguing that a

statute overrides the FAA and prohibits such statute from being arbitrated, such party "bears the

heavy burden of showing 'a clearly expressed congressional intent'" that such statute overrides

the FAA. *Id.*, at 1624. The Supreme Court also noted that the FAA not only requires courts to

respect and enforce arbitration agreements, but also requires courts to respect and enforce the

parties' chosen arbitration proceedings. *Id.* at 1621.

While The Court in *Epic System*s was confronted with the argument that the National

Labor Relations Act prohibited the arbitration of claims brought pursuant to the FLSA, the

Supreme Court noted that the Supreme Court and other courts had previously held that the FLSA

does not prohibit arbitration agreements:

> Yet [plaintiffs] do not offer the seemingly more natural suggestion that the
> FLSA overcomes the Arbitration Act to permit their class and collective actions.
> Why not? Presumably because the Court held that decades ago that an identical
> collective action scheme (in fact, one borrowed from the FLSA) does not displace
> the Arbitration Act or prohibited individualized arbitration proceedings. In fact, it
> turns out that '[e]very circuit to consider the question' has held that the FLSA
> allows agreements for individualized arbitration.

*Epic Systems*, supra, 138 S Ct. at 1626 (citations omitted).

As set forth in *Epic Systems*, circuit courts including the Second Circuit have repeatedly

held that the FLSA does not prohibit arbitration agreements as the FLSA does not explicitly

contain any language displacing the FAA's policy favoring the enforceability of arbitration

agreements. See e.g., *Sutherland v. Ernst & Young, LLP*, 726 F.3d 290 (2d Cir. 2013); *Walthour

v, Chipio Windshield Repair, LLC*, 745 F.3d. 1326, 1336 (11th Cir. 2014); *Owen v. Bristol Care*,

13

*Inc.*, 702 F. 3d 1050, 1052-3 (8th Cir. 2013); *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002). In *Gaffers v. Kelly Services, Inc.*,  900 F. 3d 293 (6th Cir. 2018), issued after the Supreme Court's decision in *Epic Systems*, the Sixth Circuit expressly held that the FLSA does not displace the FAA. The Sixth Circuit noted that nothing in the FLSA expressly states that arbitration agreements are prohibited as required to displace the FAA. *Id.*  at 295-6. The Sixth Circuit also held that the collective action provision of the FLSA does not bar arbitration agreements as such provision merely states that an employee *may* sue collectively or individually. *Id.* Further, the Sixth Circuit reiterated that the Supreme Court had previously ruled that the ADEA's collective action provision which is nearly identical to the FLSA's collective action provision did not displace the FAA. *Id.* See also *Gilmer v. Interstate/Johnsons Lane Corp.*, 500 U.S. 20, 27, 111 S. Ct. 1647, 114 L. Ed.2d 26 (1991).  Accordingly, every court that has addressed whether the FLSA itself or the FLSA collective action provision displaces the FAA and prohibits such claims from being arbitrated has affirmed that such claims can be arbitrated. Accordingly, Plaintiff's claim that he was required to waive any rights pursuant to the FLSA by giving up his right to a trial and/or due to the FLSA's collective action procedure fails as a matter of law.

Plaintiff also argues that the Arbitration Agreement required Plaintiff to waive his rights to attorney's fees and/or impermissibly requires fee shifting. See Ex. A, ¶ 21. However, that argument grossly misrepresents the terms of the Arbitration Agreement. The Arbitration Agreement in the section entitled arbitration fees and costs expressly states that the Employer shall be responsible for the arbitrator's fee. See Ex. B, p.4.  The Arbitration Agreement also states that each party is responsible for their own attorneys' fees. *Id.* The Arbitration Agreement also states "if a party prevails on a statutory claim that affords the prevailing party attorneys' fees

14

and costs, or if there is a written agreement providing for attorney's fees and costs, the Arbitrator may award reasonable attorneys' fees in accordance with the applicable statute or written agreement." *Id.* (emphasis added). Thus, rather than shifting fees, the Arbitration Agreement merely reiterates that to the extent a statute (such as the FLSA) permits fee shifting, the arbitrator may award fees consistent with such statute. Accordingly, the Arbitration Agreement merely codifies the FLSA's (and other statutes) fee shifting provisions and is not a "waiver" in any sense.

Finally, Plaintiff asserts that the Arbitration Agreement improperly requires Plaintiff to waive his statute of limitations. Marcus Aff., Ex. A, ¶ 21. While such Arbitration Agreement contains a provision that requires claims to be brought within a six-month period to ensure that any claims are adjudicated in a quick and efficient manner, such provisions are permissible pursuant to New York Law. See e.g., *Hunt v. Raymor & Flanigan,* 105 A.D. 3d 1005, 963 N.Y.S.2d 722 (2d Dep't 2013) (upholding six month statute of limitations from date of employment action in agreement to shorten statute of limitations contained in a job application); See also *Jamaica Hosp. Med. Center v. Carrier Corp.*, 5 A.D.3d 442, 443, 772 N.Y.S.2d 592 (2d Dep't 2004); *Timberline Elec. Supp. v. Insurance Co. of N. Am.*, 72 A.D.2d 905, 906, 421 N.Y.S.2d 987 (4th Dep't 1979), aff'd 52 N.Y.2d 793, 436 N.Y.S.2d 707, 417 N.E.2d. 1248 (1980). Accordingly, the arbitration provision requiring employees to bring their claim within six months from the date of such action is enforceable and is not a waiver of any of Plaintiff's rights.[6]

---

[6]      Further to the extent any of the provisions Plaintiff complains of were not permissible as a matter of law the Arbitration Agreement contains a severability clause in that to the extent the agreement contain a provision that is unenforceable, such provision shall be severed and the remainder of the agreement remains valid. Ex. B, p.4.

Again, Plaintiff's attempts to *post hoc* assert reasons why the Arbitration Agreement is invalid is immaterial to the motion as Plaintiff failed to clearly articulate to Defendant how the Arbitration Agreement violated the FLSA. Plaintiff cannot generally oppose signing an arbitration agreement and only after bringing such an action assert that such agreement violates the FLSA when the Plaintiff failed to assert such specific arguments in his Complaint. To hold as such would be akin to Plaintiff complaining he did not like how he was treated by his employer and then subsequently alleging he made a complaint pursuant to the FLSA. Defendant was not required to guess that a complaint about signing an agreement may implicate the FLSA. This is simply not supported pursuant to established case law. In any event, for the reasons set forth herein, the terms of the Arbitration Agreement do not require Plaintiff to "waive" any rights pursuant to law and Plaintiff's retaliation claims should be dismissed.

## POINT III

## PLAINTIFF HAS FAILED TO ASSERT A VIABLE CLAIM OF RETALIATION PURSUANT TO THE NYLL

N.Y. Labor Law § 215 contains the NYLL's anti-retaliation prohibition. That statute states:

(a) No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner . . . .

N.Y. Labor Law § 215.

Similar to the FLSA, the NYLL requires a party asserting a claim for retaliation pursuant to the NYLL must assert a specific provision of the NYLL about which he complained to set forth

16

a prima facie claim. See also *Epifani v. Johnson*, 65 A.D.3d 224, 882 N.Y.S.2d 234, 244 (2d Dep't

2009) (" A plaintiff must allege that he or she complained about a specific violation of the Labor

Law to support a claim of retaliatory discharge pursuant to Labor Law § 215"). *Grella v. St.*

*Francis Hosp.,* 149 A.D.3d 1046, 1049, 53 N.Y.S.3d 330, 334 (2d Dept. 2017); See e.g., *Watkins*

*v. First Student, Inc.*, 2018 WL 1135480, at *10 (S.D.N.Y. 2018). For the reasons set forth in Point

II(A) and (B), Plaintiff has failed to articulate a specific violation of the NYLL and cannot show

that the Arbitration Agreement violated the NYLL.[7]

## POINT IV

## PLAINTIFF HAS FAILED TO SUFFICIENTLY ALLEGE FACTS WHICH WOULD RAISE A PLAUSIBLE INFERENCE OF AN FLSA AND/OR NYLL OVERTIME VIOLATION

The Second Circuit has set forth several cases regarding the standard of proof needed to

assert a viable overtime claim pursuant to the FSLA. In *Lundy v. Catholic Health Sys. Of Long*

*Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013), the court "concluded[d] that in order to state a

plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given

workweek as well as some uncompensated time in excess of the 40 hours. The *Lundy* court went

on and explained that "[r]eviewing [p]laintiffs' allegations, as the district court thoroughly did,

we find no plausible claim that FLSA was violated, because [p]laintiffs have not alleged a single

workweek in which they worked at least 40 hours and also worked uncompensated time in

excess of 40 hours." *Id.*

In *Nakahata v. New York-Presbyterian Healthcare Sys. Inc.*, 723 F.3d 192, 201 (2d Cir.

---

[7]     Like the FLSA, the NYLL does not contain any provision that prohibits such claims from being arbitrated. Notably, the New York Legislature recently amended the CPLR to prohibit the enforcement of discrimination claims pursuant to the New York State Human Rights Law from being arbitrated. See CPLR § 7515(b)(i).  Notably, the Legislature could have chosen to include claims brought pursuant to the NYLL as well but chose not to do so. In any event, courts have held that such provision is contradictory and unenforceable pursuant to the FAA. See e.g., *Gilbert v. Indeed, Inc.*, 2021 WL 169111 * 12 (S.D.N.Y. 2021).

2013), the Second Circuit found that plaintiffs failed to state a plausible FLSA overtime claim because plaintiffs failed to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."

In *Dejesus v. HF Mgmt. Servs. LLC*, 726 F.3d 85, 89 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 918 (2014) the court again found that plaintiff failed to allege a plausible FLSA overtime claim because the complaint merely "tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." As the Plaintiff did in this action, the plaintiff in *Dejesus* merely "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation." *Id.* (quoting plaintiff's complaint).  The court noted that "*Lundy*'s requirement that plaintiffs must allege overtime without compensation in a 'given' workweek was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.' It was designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" *Id.* at 90 (internal citations omitted) (quoting *Lundy*, supra, 711 F.3d at 114 and *Twombly*, supra, 550 U.S. at 570).

In subsequent decisions in the Second Circuit, courts have dismissed FLSA overtime claims where the Plaintiff has merely asserted in conclusory fashion that they regularly or on average worked over forty hours a week without giving sufficient details concerning their schedule of hours which would nudge a claim from conceivable to plausible. In *Bustillos v. Academy Bus, LLC*, 2014 WL 116012, at *3 (S.D.N.Y. 2014), the court found that plaintiff's allegation that he "'would regularly work from 60-90 hours per week' is equivalent to the

allegations in *Dejesus* and *Nakahata* and dismissed plaintiff's complaint. Notably, *in Bustillos*, supra, 2014 WL 116012 at * 4 the court cautioned:

> This view is further supported by *DeJesus*'s admonition that *Lundy* did not provide a "pleading template" for generally alleging over forty hours of work per week in "some or all weeks," but rather required a "factual context" that "nudges" the claims from conceivable to plausible. Mr. Bustillos's allegations do not reflect an effort to draw on his "memory and experience" to provide the "sufficiently detailed factual allegations" required by these cases.

Similarly, in *Gisomme v. HealthEx Corp.*, 2014 WL 2041824, at *2 (E.D.N.Y. 2014), the Court dismissed a complaint on the grounds it was not plausible where the plaintiffs' complaint alleged that they regularly worked six or seven days per week and estimated that they worked an average of 50 to 53 hours each week. Noting that "the Second Circuit requires that plaintiffs provide 'sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week,'" the Court dismissed plaintiff's claims because they were insufficiently plead. *See Gisomme*, supra, at *2. *See also James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 321 (E.D.N.Y. 2012) ("[p]laintiff has done little more than assert, in vague and conclusory manner, his entitlement to overtime compensation under the FLSA and NYLL, and this is insufficient to withstand a motion to dismiss"); *see also Spiteri v. Russo*, 2013 WL 4806960, at *56 (E.D.N.Y. 2013) (same). Similarly, in *Serrano v. I. Hardware Distributors, Inc.*, 2015 WL 4528170 (S.D.N.Y. 2015), the Court dismissed a FLSA overtime claim on a motion to dismiss where the Plaintiff claimed he worked six days a week and averaged 62 hours a week. In dismissing the claim, the Court held that the "Court lacks sufficient 'facts about [plaintiffs'] . . . working hours, such that a simply arithmetical calculation could be used to determine the amount owed per pay period." See e.g.,

*Serrano, supra* 2015 WL 4528170 at * 4 (quoting *Tackie v. Keff Enters, LLC*, 2014 WL 4626229 at * 3 (S.D.N.Y. 2014)).

Plaintiff's allegations here are strikingly similar and should accordingly be dismissed as well. Plaintiff has completely failed to assert any specific workweeks where Plaintiff worked over 40 hours per week. Herein, Plaintiff has provided no factual context to nudge his claim to plausible and to establish that he has drawn on his memory and experience to set forth a plausible claim that he worked over 40 hours in a week. In his Complaint, Plaintiff merely asserts he worked "about 45-60" or more hours a week for Defendant- 5-7 days a week. Marcus Aff., *Id.*, ¶ 17. Plaintiff in his Complaint further asserts he was not paid for each and all hours worked in a week including non-overtime and overtime hours worked for each week he worked for defendant. *Id.*, ¶ 15. These allegations closely resemble the allegations of numerous dismissed complaints, including the complaint dismissed in *Gisomme v. HealthEx Corp, supra* and Plaintiff's overtime claim must be dismissed.

Plaintiff also alleges that Defendant had a policy of deducting thirty minutes a day for a meal break. *Id.*, ¶ 15. Plaintiff further asserts that "due to the demands of his job" Plaintiff did not receive a bona fide meal break. *Id.* However, the mere existence of an automatic deduction policy for a meal break is not a violation of the FLSA as at best the plaintiff has plead that the plaintiff has plead the employer failed to ensure its employees did not work during a meal break. Such allegations are not actionable. See e.g. *Wolman v. Catholic Health Sys. Of Long Island, Inc.*, 853 F. Supp.2d 290, 300-1 (E.D.N.Y. 2012); see also *Briceno v. USI Services Group, Inc.*, 2012 WL 4511626 * 6 (E.D.N.Y. 2012). Further, Plaintiff has not demonstrated that such claim necessarily constitutes an overtime violation as Plaintiff's Complaint notes that due to such deduction, plaintiff is entitled to "non-overtime" and "overtime" wages. Ex. A, ¶ 15. The Second

20

Circuit has held that gap-time claims are not actionable under the FLSA in *Lundy*, supra, 711 F.3d at 115-6, and Plaintiff has failed to assert sufficient specificity to show that he worked over forty hours in a given week. Accordingly, Plaintiff has failed to properly plead an actionable claim for overtime pursuant to the FLSA.

Plaintiff also asserts in his Complaint that he was not properly compensated for driving to and from Defendant's job sites in a company vehicle and spent time taking care of such vehicle after hours. Marcus Aff., Ex. A, ¶ 16. While Defendant notes that time going to and from work is generally not compensable pursuant to the Portal to Portal Act (See 29 U.S.C. § 254), regardless, Plaintiff again has failed to articulate a plausible claim of an overtime violation. Again, Plaintiff has failed to assert any specifics of off the clock work, knowledge of such work by Defendant, and/or any facts that would show that such work was performed as overtime work. Again, Plaintiff's failure to articulate specifics rand Plaintiff's overtime claims pursuant to the FLSA and NYLL should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the court grant its motion to dismiss the Complaint, along with such other and further relief as the court deems just and proper.

Date:   March 2, 2021
        Garden City, New York

                                    Respectfully submitted,

                                    /s

                                    Joshua Marcus, Esq.
                                    **FRANKLIN, GRINGER & COHEN, P.C.**
                                    *Attorneys for Defendant*
                                    666 Old Country Road, Suite 202
                                    Garden City, New York 11530
                                    516.228.3131
                                    jmarcus@franklingringer.com

To:     Abdul Hassan, Esq.
        **ABDUL HASSAN LAW GROUP, PLLC**
        *Attorneys for Plaintiff*
        215-28 Hillside Avenue
        Queens Village, NY 11427
        (718) 740-1000
        abdul@abdulhassan.com