# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Ravel Rodriguez, | | Civ. Action #: |
| | Plaintiff, | **Complaint** |
| -v- | | |
| | | Date Filed: |
| A.C.A. Industries, Inc., d/b/a American Maintenance, | | **Jury Trial Demanded** |
| | Defendant. | |

Plaintiff Ravel Rodriguez ("Plaintiff" or "Rodriguez"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendant A.C.A. Industries, Inc., d/b/a American Maintenance ("Defendant" or "ACA Industries"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York

1

Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff also complains that he was terminated and discharged in discrimination and retaliation by Defendant because, in good faith, he complained of and opposed Defendant's requirement that he waive FLSA and NYLL rights. Such retaliatory termination violates the FLSA at 29 USC § 215 and NYLL § 215 and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Ravel Rodriguez ("Plaintiff" or "Rodriguez") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

9. Upon information and belief and at all times relevant herein, A.C.A. Industries, Inc. ("Defendant" or "ACA Industries"), was a New York for-profit corporation with a place of business located at 385 W Main Street, Babylon, NY 11702.

## STATEMENT OF FACTS

10. Upon information and belief, and at all relevant times herein, Defendant was engaged in the business of providing building cleaning and maintenance services.

2

11. At all times relevant herein, Defendant owned and operated at several locations and hundreds of employees.

12. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant from in or around April 2018 to on or about October 30, 2020.

13. At all times relevant herein, Plaintiff performed a variety of functions for Defendant, including landscaping, cleaning etc.

14. At all times relevant herein, Plaintiff was paid at a regular rate of $18.00-$40.00 an hour.

15. At all times relevant herein, Plaintiff was not paid for each and all hours worked in a week including his non-overtime and overtime hours (hours over 40 in a week) worked, for each week during his employment with Defendant - at all times relevant herein, Defendant had a policy and practice of deducting from the wages of Plaintiff, payment for 30 mins daily for lunch breaks. However, due to the demands of his job, Plaintiff did not receive a "bona fide" meal break. As a result of this unlawful wage deduction, Plaintiff is entitled to wages including non-overtime and overtime wages for about 3-3.5 hours per week, for each week during his employment with Defendant.

16. At all times relevant herein, Plaintiff was not compensated for overtime worked driving to and from Defendant's job sites in Defendant's vehicle and while transporting Defendant's supplies and equipment. Plaintiff was also not compensated for overtime spent taking care of Defendant's vehicle, equipment and supplies after regular working hours.

17. At all times relevant herein, Plaintiff worked about 45-60 or more hours a week for Defendant – 5-7 days a week. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

18. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required

3

by NYLL 195(1).

19. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not state all hours worked by Plaintiff nor all wages earned, among other deficiencies.

20. On or about October 23, 2020, Defendant presented Plaintiff with a written waiver which Defendant required Plaintiff to sign if Plaintiff wanted to continue working for Defendant.

21. Plaintiff objected to Defendant's waiver agreement because it required him to waive several significant rights - including rights under the FLSA and NYLL. First, Defendant's waiver agreement required Plaintiff to waive his wages and wage rights under the FLSA and NYLL by imposing a six month statute of limitations instead of the 2-3 years statute of limitations under the FLSA at 29 USC 255 and NYLL's six-year statute of limitations period at NYLL 663, 198. Second, Defendant's waiver agreement required Plaintiff to waive his significant fee rights under the FLSA. In this regard, the FLSA (29 USC 216(b) and NYLL (NYLL 663, 198) only permits fees to the prevailing Plaintiff, but Defendant's waiver agreement would require Plaintiff to pay legal fees to Defendant if he loses his claim. Third, Defendant's waiver agreement required Plaintiff to waive his right under 29 USC 216(b), to bring and participate in a collective action. Fourth, Defendant's waiver agreement required Plaintiff to waive his rights under the FLSA (29 USC 216(b) and NYLL (NYLL 663, 198) to bring an action in Court and instead required Plaintiff to arbitrate his claims and also waive his constitutional right to a jury trial.

22. Plaintiff in good faith opposed Defendant's requirement that he sign its waiver agreement including the waiver of significant FLSA and NYLL rights. Moreover, FLSA rights cannot be privately waived by employees and employers – including by conduct or agreement. See i.e. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 944, 946 (2d Cir.1959); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Similarly, NYLL rights also cannot be privately waived by employees and employers. See i.e. NYLL 663 ("Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action.").

4

23. Even if Plaintiff could have waived his FLSA and NYLL rights, the fact is that Plaintiff in good faith objected to Defendant's requirement that he waive such rights.

24. On or about October 27, 2020 and October 30, 2020, Defendant once again told Plaintiff he would be terminated if he did not sign Defendant's waiver agreement and on or about October 30, 2020, Defendant terminated Plaintiff in discrimination and retaliation because Plaintiff in good faith objected to and refused to sign Defendant's waiver agreement which required Plaintiff to waive significant FLSA and NYLL rights as mentioned above.

25. Plaintiff was terminated/discharged by Defendants in retaliation/discrimination for opposing and complaining in good faith about Defendant requiring him to sign a waiver agreement as set forth above.

26. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

27. Upon information and belief and at all times relevant herein, Defendant conducted business with companies outside the state of New York.

28. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff conducted business with insurance companies outside the state of New York.

29. Upon information and belief and at all times relevant herein, Defendant purchased equipment and supplies essential for its production and manufacturing business from vendors outside the state of New York.

30. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

31. Defendant as a regular part of its business, makes payment of taxes and other monies to

5

agencies and entities outside the State of New York.

32. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

33. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

34. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

35. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC § 201 et Seq.

40. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

6

41. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

42. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

### **Relief Demanded**

43. Due to Defendant's FLSA overtime violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## **AS AND FOR A SECOND CAUSE OF ACTION**
## **NYLL 650 et Seq. (Unpaid Overtime wages)**

44. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

46. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### **Relief Demanded**

47. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated

7

damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

48. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 45 above with the same force and effect as if fully set forth at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

50. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff his unpaid overtime wages and non-overtime wages as laid out above, as required under NY Labor Law § 190 et seq.

51. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

52. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

## Relief Demanded

53. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his overtime wages, (FLSA and NYMWA) and non-overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §

195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION – FLSA RETALIATION/DISCRIMINATION - 29 U.S.C § 215

54. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 52 above as if set forth fully and at length herein.

55. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly within the meaning of the FLSA including 29 USC § 207 and 29 USC § 215.

56. At all times relevant herein, Defendants were covered persons or entities within the meaning of 29 USC § 215.

57. Defendants discharged/terminated Plaintiff's employment with them in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 for engaging in protected activity such as opposing and complaining in good faith about Defendant's requiring him to sign a waiver of FLSA wages and rights as explained above.

### Relief Demanded

58. Defendant's FLSA violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to and seeks to recover from Defendants all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

## AS AND FOR A FIFTH CAUSE OF ACTION RETALIATION/DISCRIMINATION - NYLL § 215

59. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 57 above as if set forth fully and at length herein.

60. At all times relevant herein, Plaintiff was employed by Defendants, individually, and/or

9

jointly within the meaning of the New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

61. At all times relevant herein, Defendants were covered persons or entities within the meaning of New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

62. Defendants discharged/terminated Plaintiff's employment with them in retaliation and discrimination and in violation of the NYLL § 215 for engaging in protected activity such as opposing and complaining in good faith about Defendant's requiring him to sign a waiver of his NYLL wages and rights, as described above.

63. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

## Relief Demanded

64. Defendants' New York Labor Law violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendants all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

65. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

66. As to the **First Cause of Action**, award Plaintiff his unpaid overtime due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

67. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§

142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

68. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his overtime wages, (FLSA and NYMWA) and non-overtime wages, plus maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

69. As to the **Fourth Cause of Action**, award Plaintiff all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement/front pay, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

70. As to the **Fifth Cause of Action**, award Plaintiff all damages available under NYLL § 215, including his lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215;

71. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

72. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **November 30, 2020**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com