# EXHIBIT B

# Mutual Agreement to Arbitrate Employment-Related Disputes

This Mutual Agreement to Arbitrate Disputes ("**Agreement**") is made and entered into as of _____ (the "**Effective Date**") by and between American Maintenance, Inc. (the "**Employer**") and [EMPLOYEE NAME], an individual (the "**Employee**") (the Employer and the Employee are collectively referred to herein as the "**Parties**").

1. <u>Intent of the Agreement</u>. It is the intent of Employee and the Employer that this Agreement will govern the resolution of all disputes, claims, and any other matters in question arising out of or relating to the Parties' employment relationship or termination of that relationship. The Parties shall resolve all disputes arising out of or relating to the Parties' employment relationship or termination of that relationship in accordance with the provisions of this Agreement.

2. <u>Mandatory Arbitration</u>. In consideration of the Employee's employment and/or continued employment by the Company, Employee agrees that any and all past, present or future controversies, claims or disputes arising out of or relating to my employment by the Employer (or termination of such employment), whether arising under any federal, state, or local law or regulation, or based in contract, tort, fraud, misrepresentation, or any other legal theory, will be solely and exclusively settled by binding arbitration to be held in New York, New York (or if available at a location in Nassau or Suffolk County, New York) and administered by the American Arbitration Association in accordance with the American Arbitration Association's (hereinafter "AAA") labor and employment arbitration rules ("Rules") in effect of the AAA and the laws of the State of New York. A single arbitrator ("Arbitrator") shall be selected pursuant to the AAA Rules and all disputes arising out of or relating to Applicant's employment by the Company, as set forth above, shall be decided by such Arbitrator. In the event an arbitrator cannot be selected pursuant to the AAA Rules, an Arbitrator shall be appointed by the Court pursuant to New York Civil Procedure and Rules ("CPLR") § 7504. The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the enforceability or formation of this Agreement and the arbitrability of dispute between the parties, except for any dispute relating to the enforceability or scope of the waiver in Section 5, which shall be determined by a court of competent jurisdiction. The Arbitrator's decision shall be final and binding upon the Employer and Employee. Nothing in this provision shall preclude Parties from seeking provisional remedies in aid of arbitration from a court of competent jurisdiction.

3. <u>Covered Claims</u>. This Agreement to arbitrate covers all grievances, disputes, claims, or causes of action (collectively, "**claims**") that otherwise could be brought in a federal, state, or local court or agency under applicable federal, state, or local laws, arising out of or relating to Employee's employment with the Employer and the termination thereof, including claims Employee may have against the Employer or against its officers, directors, supervisors, managers, employees, or agents in their capacity as such or otherwise, or that the Employer may have against Employee. The claims covered by this Agreement include, but are not limited to, claims for breach of any contract or covenant (express or implied), tort claims, claims for wages, or other compensation due, except claims for workers' compensation or unemployment insurance benefits under applicable state law, claims for wrongful termination (constructive or actual) or retaliatory discharge, claims for discrimination, harassment, or retaliation (including, but not limited to, harassment or discrimination based on race, age, color, sex, including pregnancy, (but not including claims excluded by law), gender, gender identity or expression, including status as a transgender individual, national origin, including ancestry, alienage or citizenship status, creed, religion, marital status, familial status, domestic violence victim status, military status, genetic information, predisposing genetic characteristics, physical or mental disability, including gender dysphoria and similar gender-related conditions, actual or perceived sexual orientation, or any other trait

or characteristic protected by federal, state, or local law, claims for violation of any federal, state, local or other governmental law, statute, regulation, or ordinance, including, but not limited to, all claims arising under Title VII of the Civil Rights Act of 1964, The Fair Labor Standards Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Civil Rights Act of 1991, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, the Worker Adjustment and Retraining Notification Act, the Age Discrimination in Employment Act, the Uniform Services Employment and Reemployment Rights Act, the Genetic Information Nondiscrimination Act, the New York State Human Rights Law, the New York Labor Law, the New York Civil Rights Law, the New York City Human Rights Law, all as amended, and with all of their respective implementing regulations, and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise). Claims are covered by this Agreement regardless of whether they have already accrued or will accrue in the future.

4. Claims Not Covered. Notwithstanding anything to the contrary in Section 3 above, claims not covered by this Agreement are claims for workers' compensation benefits, unemployment compensation benefits, or any other claims that, as a matter of law, the Parties cannot agree to arbitrate. Nothing in this Agreement shall be interpreted to mean that Employee is precluded from filing complaints with the New York State Division of Human Rights, the federal Equal Employment Opportunity Commission, or National Labor Relations Board.

5. Waiver of Class and Collective Action and Representative Action Claims. Except as otherwise required under applicable law, Employee and Employer expressly intend and agree that:

(a) class action and representative action procedures shall not be asserted, nor will they apply, in any arbitration pursuant to this Agreement;

(b) each will not assert class or collective action or representative action claims against the other in arbitration or otherwise;

(c) each will only submit their own, individual claims in arbitration and will not seek to represent the interests of any other person; and

(d) any claims by the Employee will not be joined, consolidated, or heard together with claims of any other employee.

6. Notwithstanding anything to the contrary in the AAA Rules, and the general grant of authority to the arbitrator in paragraph 1 of the power to determine issues of arbitrability, the arbitrator shall have no jurisdiction or authority to compel any class or collective claim, consolidate different arbitration proceedings, or join any other party to an arbitration between Employer and Employee. **I UNDERSTAND THAT, BY ACCEPTING AND CONTINUING EMPLOYMENT WITH THE COMPANY, I AM GIVING UP THE RIGHT TO BRING A CLASS OR COLLECTIVE ACTION AGAINST THE COMPANY IN COURT OR IN ARBITRATION AND UNDERSTAND THAT CLAIMS RELATING TO EMPLOYEES OTHER THAN THE APPLICANT SHALL BE HEARD IN SEPARATE PROCEEDINGS.**

7. Waiver of Trial by Jury. The Parties understand and fully agree that by entering into this Agreement to arbitrate, they are giving up their constitutional right to have a trial by jury, and are giving up their normal rights of appeal following the rendering of the arbitrator's award except as applicable law provides for judicial review of arbitration proceedings The award of the Arbitrator shall be final and binding upon the Company and Applicant. This agreement to arbitrate, and any arbitration of

these Terms of Employment and my employment with the Company, shall be governed by the Federal Arbitration Act (FAA) to the exclusion of any state law inconsistent with the FAA. The Arbitrator shall apply the substantive state or federal law (including the applicable statute of limitations as applicable to the claim(s) asserted in arbitration. Claims arising under federal law shall be determined in accordance with federal law. Common law claims shall be determined in accordance with the substantive law of the State of New York, without regard to its conflict of law principles. Any decision of the arbitrator shall be final and may be entered into any judgment in the federal and state courts of the State of New York, Suffolk, County. I consent to the personal jurisdiction and venue of the federal and state courts of the State of New York, sitting in Suffolk County, for the purposes of any action to enforce, modify and/or vacate such arbitration award and/or demand to arbitrate, and I further consent that any process, notice of motion, or other application to the court or a judge thereof may be served within or outside the State of New York by registered or certified mail or by personal service, provided that a reasonable time for appearance is allowed. **I UNDERSTAND THAT, BY ACCEPTING AND CONTINUING EMPLOYMENT WITH THE COMPANY, I AM GIVING UP THE RIGHT TO A JURY TRIAL OR TO FILE A LAWSUIT IN COURT AGAINST THE COMPANY AND/OR TO BRING AN ADMINSTRATIVE PROCEEDING TO RESOLVE SUCH DISPUTES.**

       8.     Claims Procedure. Arbitration shall be initiated upon the express written notice of either party. The aggrieved party must give written notice of any claim to the other party. Written notice of an Employee's claim shall be mailed by certified or registered mail, return receipt requested, to the Employer's Human Resources Dept.at 385 West Main Street Babylon, NY 11702. Written notice of the Employer's claim will be mailed to the last known address of Employee. The written notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based. Written notice of arbitration shall be initiated within the same time limitations that the law applies to those claim(s).

       9.     Arbitrator Selection. The Arbitrator shall be selected as provided in AAA's Employment Arbitration Rules and Procedures.

      10.    Discovery. The AAA Rules regarding discovery shall apply to arbitration under this Agreement. The Arbitrator shall have the authority to set deadlines for completion of discovery. The Arbitrator shall decide all discovery disputes.

      11.    Substantive Law. The Arbitrator shall apply the substantive state or federal law (and the law of remedies, if applicable) as applicable to the claim(s) asserted. Claims arising under federal law shall be determined in accordance with federal law. Common law claims shall be decided in accordance with New York substantive law, without regard to conflict of laws principles.

      12.    Statute of Limitations. In order to insure that all issues concerning your employment are dealt with in a quick and efficient manner, as a condition of employment and/or continued employment with the Employer, any claim or lawsuit relating to your service or application for service with the Company must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit and Employee waives any statute of limitations to the contrary. This agreement applies to the Employer, its owners, officers, employees, and agents, as well as any related Companies, successors, and assigns. This provision includes but is not limited to any claims under Title VII of the Civil Rights Acts of 1866, 1871, 1964 and 1992; the Employee Retirement Income Security Act of 1974, as amended; the Occupational Safety and Health Act; the National Labor Relations Act, as amended; the Americans with Disability Act of 1990; the Age Discrimination in Employment Act, as amended; the Worker Adjustment and Retraining Notification Act; the Pregnancy Discrimination Act; Fair Labor Standards Act, as amended, the New York State Labor Law, Family Medical Leave Act, the New York State Human Rights Law, New York State Executive Law, the New York City Administrative

Code and any other Federal, State and local statutes including but not limited labor and wage statutes, regulations, decisional law and ordinances as well as all human rights, fair employment, contract and tort laws.

13. Motions. The Arbitrator shall have jurisdiction to hear and rule on prehearing disputes and is authorized to hold prehearing conferences by telephone or in person as the Arbitrator deems necessary. The Arbitrator shall have the authority to set deadlines for filing motions for summary judgment, and to set briefing schedules for any motions. The Arbitrator may allow the filing of a dispositive motion if the Arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case. The Arbitrator shall have the authority to adjudicate any cause of action, or the entire claim, pursuant to a motion for summary adjudication and in deciding the motion, shall apply the substantive law applicable to the cause of action.

14. Compelling Arbitration/Enforcing Award. Either party may ask a court to stay any court proceeding, to compel arbitration under this Agreement and to confirm, vacate, or enforce an arbitration award. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

15. Arbitration Fees and Costs. Employer shall be responsible for the arbitrator's fees and expenses. Each party shall pay its own costs and attorneys' fees, if any. Each party shall pay its own deposition, witness, expert, and attorneys' fees and other expenses to the same extent as if the matter were being heard in court. However, if any party prevails on a statutory claim that affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the Arbitrator may award reasonable attorneys' fees in accordance with the applicable statute or written agreement. The Arbitrator shall resolve any dispute as to the reasonableness of any fee or cost that may be awarded under this paragraph.

16. Term of Agreement. This Agreement to arbitrate shall survive the termination of Employee's employment. It can only be revoked or modified in writing signed by both Parties that specifically states an intent to revoke or modify this Agreement and is signed by Amy Marotta

17. Severability. If any provision of this Agreement to arbitrate is adjudged to be void or otherwise unenforceable, in whole or in part, the void or unenforceable provision shall be severed and such adjudication shall not affect the validity of the remainder of this Agreement to arbitrate.

Voluntary Agreement. By executing this Agreement, the Parties represent that they have been given the opportunity to fully review, and comprehend the terms of this Agreement. **THE PARTIES FULLY UNDERSTAND AND AGREE THAT THEY ARE GIVING UP CERTAIN RIGHTS OTHERWISE AFFORDED TO THEM BY CIVIL COURT AND/OR ADMINISRATIVE ACTIONS, INCLUDING BUT NOT LIMITED TO THE RIGHT TO A JURY OR COURT TRIAL AND THE RIGHT TO BRING ANY CLAIM AS A CLASS OR COLLECTIVE ACTION.** The Parties understand the terms of this Agreement and freely and voluntarily sign this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of _____.

American Maintenance, Inc.

By_____

Name: Amy Marotta

Title: Human Resources

EMPLOYEE

Signature: _____

Print Name: _____