**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ravel Rodriguez,<br><br>         Plaintiff,<br><br>  -v-<br><br>A.C.A. Industries, Inc.,<br>d/b/a American Maintenance,<br><br>         Defendant. | **Civ. Action #: 20-CV-05781**<br>**(DJ)(AYS)**<br><br>**OPPOSING MEMORANDUM**<br>**OF LAW** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS**

ABDUL HASSAN LAW GROUP, PLLC
By: Abdul K. Hassan, Esq.
*Counsel for Plaintiff*
215-28 Hillside Avenue,
Queens Village, NY 11427
Tel: 718-740-1000

SERVED ON MARCH 26, 2021

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ......................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................................... 2

III.  STANDARD FOR DISMISSAL ..................................................................................... 2

IV.   ARGUMENT ................................................................................................................... 3

   1.    PLAINTIFF HAS ADEQUATELY, COMPELLINGLY AND PLAUSIBLY STATED
RETALIATION CLAIMS UNDER THE FLSA AND NYLL ............................................... 3

     (A)    THE COMPLAINT SUFFICIENTLY ALLEGES PROTECTED ACTIVITY AND
UNLAWFUL RETALATION, AND THEY ARE POWERFULLY REINFORCED BY TEXT
MESSAGES OF ACTUAL COMPLAINTS AND OBJECTIONS MADE BY PLAINTIFF ............ 3

     (B)    THE SUBJECT PROVISIONS/AGREEMENTS WERE UNLAWFUL OR COULD
REASONABLY BE VIEWED AS UNLAWFUL ............................................................... 10

     (i)    WAIVER OF FLSA AND NYLL WAGES .................................................. 10

     (ii)   WAIVER OF FLSA AND NYLL RIGHTS TO BRING CLAIMS IN COURT .................. 12

     (iii)  WAIVER OF FEE RIGHTS ...................................................................... 14

     (iv)   WAIVER OF COLLECTIVE/CLASS ACTION RIGHTS .................................... 15

   2.    PLAINTIFF HAS PLAUSIBLY, ADEQUATELY AND COMPELLINGLY STATED HIS
CLAIMS FOR OVERTIME PAY UNDER THE FLSA AND NYLL .................................... 15

V.    CONCLUSION ............................................................................................................ 25

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Mt. Clemens Pottery Co.,*
  328 U.S. 680, 687 (1946) ................................................................................................. 19

*Ansoumana v. Gristede's Operating Corp.,*
  255 F.Supp.2d 184, 189 (S.D.N.Y. 2003) ...................................................................... 17

*Arnold v. Ben Kanowsky, Inc.,*
  361 U.S. 388 (1960) ........................................................................................................ 16

*Ashcroft v. Iqbal,*
  *556 U.S. 662 (2009)* .................................................................................................... 2, 3

*Baikin v. Leader Sheet Metal, Inc.,*
  16 Civ. 8194, 2017 WL 1025991 at *1 (S.D.N.Y. Mar. 13, 2017) ................................. 14

*Barrentine v. Arkansas-Best Freight Sys., Inc.,*
  450 U.S. 728, 740 (1981) ................................................................................................ 11

*Bell Atl. Corp. v. Twombly,*
  *550 U.S. 544 (2007)* ......................................................................................................... 2

*Briceno v. USI Servs. Grp., Inc.,*
  No. 09-CV-4252 JS AKT, 2012 WL 4511626, at 6 (E.D.N.Y. Sept. 28, 2012) ................. 22

*Brooklyn Savings Bank v. O'Neil,*
  324 U.S. 697 (1945) ........................................................................................................ 18

*Brown v. Daikin Am. Inc.,*
  756 F.3d 219, 228–29 (2d Cir. 2014) .............................................................................. 19

*Caserta v. Home Lines Agency, Inc.,*
  273 F.2d 943, 944, 946 (2d Cir.1959) ........................................................................ 11, 18

*Cawly v. HealthEx Corp. et al,*
  14-CV-01337 (LDW)(AKT) .............................................................................................. 23

*Cheeks v. Freeport Pancake House, Inc.,*
  796 F.3d 199 (2d Cir. 2015); ...................................................................................... 11, 18

*Corning Glass Works v. Brennan,*
  417 U.S. 188 (1974) ........................................................................................................ 16

*Cruz v. Relay Delivery, Inc.*,
   No. 17-CV-7475 (JLC), 2018 WL 4203720, at 1 (S.D.N.Y. Sept. 4, 2018)...........................14

*D.A. Schulte, Inc. v. Gangi*,
   328 U.S. 108, 66 (1946)...........................................................................................................11

*Dejesus v. HF Mgmt. Servs., LLC*,
   726 F.3d 85, 90 (2d Cir. 2013)................................................................................................18

*Ealy-Simon v. Liberty Med. Supply, Inc.*,
   2007 WL 7773834, at 9 (S.D. Fla. Feb. 12, 2007)..................................................................22

*Encino Motorcars, LLC v. Navarro*,
   138 S. Ct. 1134, 1142, 200 L.Ed.2d 433 (2018) ....................................................................17

*Espinosa v. SNAP Logistics Corp.*,
   No. 17 CIV. 6383 (AT), 2018 WL 9563311, at 5 (S.D.N.Y. Apr. 3, 2018) .....................13, 15

*Flores v. Hill Country Chicken NY, LLC*,
   No. 16 Civ. 2916, 2017 WL 3448018, at *2 (S.D.N.Y. Aug. 11, 2017)..................................13

*Gisomme v. HealthEx Corp.*,
   No. CV 13-2541 LDW WDW, 2014 WL 2041824, at 2 (E.D.N.Y. May 15, 2014) ..............23

*Greathouse v. JHS Sec. Inc.*,
   784 F.3d 105, 113–14 (2d Cir. 2015)........................................................................................5

*Greenberg v. Arsenal Bldg. Corporation*,
   144 F.2d 292 (2d Cir. 1944).....................................................................................................18

*Kuebel v. Black & Decker Inc.*,
   643 F.3d 352, 362 (2d Cir. 2011).............................................................................................19

*Lopez v. Silverman*,
   14 F.Supp.2d 405, 411 n. 4 (S.D.N.Y.1998)............................................................................17

*Lundy v. Cath. Health Sys. of Long Island Inc.*,
   711 F.3d 106, 113 (2d Cir. 2013)........................................................................................3, 19

*Martin v. Malcolm Pirnie, Inc.*
   949 F.2d 611 (2d Cir. 1991).....................................................................................................16

*Mullins v. City of New York*,
   626 F.3d 47, 53 (2d Cir. 2010)...................................................................................................3

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,

iii

No. 10 CIV. 2661 PAC, 2011 WL 321186, at 4 (S.D.N.Y. Jan. 28, 2011) ................................ 11, 16, 18

*Phelps v. Kapnolas,*
    308 F.3d 180, 183-84 (2d Cir. 2002) ..................................................................................... 2

*Reich v. S. New England Telecommunications Corp.,*
    121 F.3d 58 (2d Cir. 1997)........................................................................................... 16, 17, 22

*Reyes v. HIP at Murray Street, LLC et al,*
    15-cv-00238 (LGS) (ECF No. 60) ......................................................................................... 13

*Scott Wetzel Services Inc. v. New York State Bd. of Indus. Appeals,*
    252 A.D.2d 212, 682 N.Y.S.2d 304 (3d Dep't 1998)............................................................. 17

*Settlement Home Care, Inc. v. Industrial Board of Appeals of NYS Department of Labor,*
    151 A.D.2d 580, 81 (2d Dep't 1989)..................................................................................... 17

*Swierkiewicz v. Sorema N.A.,*
    534 U.S. 506, 510-512 (2002)................................................................................................ 19

*Toure v. Thunder Lube Inc.,*
    No. 17CV0657DLIJO, 2019 WL 4805197, at 5 (E.D.N.Y. Sept. 30, 2019) ......................... 15

*Waters v. Churchill,*
    511 U.S. 661, 678 (1994) ....................................................................................................... 12

*Williams v. Parkell Prod., Inc.,*
    91 F. App'x 707, 708–09 (2d Cir. 2003) ............................................................................... 12

*Zekanovic v. Augies Prime Cut of Westchester, Inc.,*
    No. 19-CV-8216 (KMK), 2020 WL 5894603, at 5 (S.D.N.Y. Oct. 5, 2020) ......................... 14

## Statutes, Rules & Regulations

29 U.S.C. § 207(a)(1)...................................................................................................................... 16

29 USC § 215................................................................................................................................. passim

29 USC § 216(b) ............................................................................................................................. 12, 15

FRCP 8(a)(2)........................................................................................................................................ 2

NYLL § 191(2) ................................................................................................................................. 11

NYLL § 198 ..................................................................................................................................... 12

NYLL § 215 ................................................................................................................................passim

NYLL § 663 ....................................................................................................................................... 11

12 NYCRR § 142-2 ........................................................................................................................... 17

29 C.F.R. § 790.21(b) ................................................................................................................. 11, 16

29 CFR 785.18 ................................................................................................................................. 22

## I.    PRELIMINARY STATEMENT

Plaintiff Ravel Rodriguez ("Plaintiff" or "Rodriguez"), submits the instant memorandum of law in opposition to the motion of A.C.A. Industries, Inc. ("Defendant"), to dismiss Plaintiff's complaint ("Complaint" – ECF No. 1).

In the Complaint, which was filed on November 11, 2020, Plaintiff asserts a variety of claims for unpaid wages and related relief as well as claims for wrongful termination under the FLSA and NYLL.

In terms of the retaliatory termination claims, Defendant argues that Plaintiff only objected in a general manner to an arbitration agreement. However, the document Defendant required Plaintiff to sign contained numerous waivers and agreements. Notably, the complaint specifically alleges that Plaintiff objected and complained because of Defendant's insistence that he waive FLSA and NYLL rights, enumerated and explained the various rights, and even included legal citations which were not required. In addition, Plaintiff has provided text messages of the type of actual complaint made in this case (Pl. Decl. Ex. 1) – referring to the document as illegal, complaining about releasing defendant from claims and liabilities, and even mentioning the labor law – a level of written complaints and specificity rarely found in FLSA retaliation cases. As such, Plaintiff has far exceeded his burden of sufficiently and plausibly stating his retaliatory termination claims under the FLSA and NYLL.

Next, Defendant argues that Plaintiff's overtime claims are not sufficiently and plausibly stated – specifically the overtime hours element of the overtime claims. Defendant is wrong once again. Under Second Circuit pleading standards, Plaintiff is only required to provide an estimate of his overtime hours based on his own recollection, and he did so not just for one week, but for *each* week during his employment with Defendant. Although not required, Plaintiff went the extra

mile and even described the types of overtime violations committed by Defendant – such as the practice of automatically deducting time for "lunch" even if Plaintiff was actually working during such time, and Defendant's unlawful practice of not paying for work time spent by Plaintiff travelling between job sites etc.

It is therefore respectfully requested that this Honorable Court deny Defendant's motion to dismiss in its entirety and with prejudice as further explained below and grant Plaintiff such further, other and different relief in his favor as the Court deems just and proper.

## II.    STATEMENT OF FACTS

The relevant facts underlying the instant motion are fully set forth in the Complaint. (ECF No. 1). Plaintiff has also submitted a declaration introducing complaints made via text messages as Exhibit 1. The claims are also summarized in the preliminary statement above. The relevant facts will be referenced and incorporated in the arguments below when necessary.

## III.    STANDARD FOR DISMISSAL

To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Pursuant to FRCP 12(b)(6), a complaint may be dismissed upon motion if, after "accept[ing] the material facts alleged in the Complaint as true and construe all reasonable inferences in the plaintiff's favor," the complaint has failed "to state a claim upon which relief can be granted." *See* FRCP 12(b)(6); *Phelps v. Kapnolas*, 308 F.3d 180, 183-84 (2d Cir. 2002). "[A] [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[D]etermining whether a plausible claim has been pled [under the FLSA] is 'a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy*, 711 F.3d at 114 (quoting *Iqbal*, 556 U.S. at 679).

## IV. ARGUMENT

### 1. PLAINTIFF HAS ADEQUATELY, COMPELLINGLY AND PLAUSIBLY STATED RETALIATION CLAIMS UNDER THE FLSA AND NYLL

The FLSA at 29 USC § 215(a)(3) and NYLL § 215(1)(a) both prohibit employers from terminating employees who make good faith complaints about the employer's violations of the FLSA and NYLL. At the outset, Defendant cites to *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010) for the legal standard governing an FLSA retaliation claim (Def Memo. 6), but the standard set forth in *Mullins* is incorrect because *Mullins* was a 2010 case that came before the Second Circuit's decision in *Greathouse*, which, following the U.S. Supreme Court's decision in *Kasten*, overruled its prior precedent in *Lambert* and held that oral complaints/objections made to the employer are covered by the FLSA's retaliation provision at 29 USC § 215(a)(3). New York's anti-retaliation statue at NYLL § 215(1)(a) requires no such clarification in light of its plain text and language. Notably, although the complaints herein concern actual violations, an employee does not have to complain about an actual violation in order to be protected by the FLSA and NYLL – a good faith complaint is enough. In terms of notice, an employer is presumed to know and understand the FLSA and NYLL – ignorance of the law is not a defense. Moreover, the standard is that of a reasonable employer – it is how a reasonable employer should interpret the complaint and circumstances. In addition, employers have a duty to inquire if they need information and specifics beyond what is minimally required.

### (A) THE COMPLAINT SUFFICIENTLY ALLEGES PROTECTED ACTIVITY AND UNLAWFUL RETALATION, AND THEY ARE POWERFULLY REINFORCED BY TEXT MESSAGES OF ACTUAL

3

## COMPLAINTS AND OBJECTIONS MADE BY PLAINTIFF

Plaintiff in his complaint asserts retaliatory termination claims under the FLSA and

NYLL and alleges in relevant part as follows (ECF No. 1 ¶¶ 20-21, 24):

> (Paragraph 20) On or about October 23, 2020, Defendant presented Plaintiff with
> a written waiver which Defendant required Plaintiff to sign if Plaintiff wanted to
> continue working for Defendant.

> (Paragraph 21) Plaintiff objected to Defendant's waiver agreement because it
> required him to waive several significant rights - including rights under the FLSA
> and NYLL. First, Defendant's waiver agreement required Plaintiff to waive his
> wages and wage rights under the FLSA and NYLL by imposing a six month
> statute of limitations instead of the 2-3 years statute of limitations under the
> FLSA at 29 USC 255 and NYLL's six-year statute of limitations period at NYLL
> 663, 198.

> (Paragraph 24) On or about October 27, 2020 and October 30, 2020, Defendant
> once again told Plaintiff he would be terminated if he did not sign Defendant's
> waiver agreement and on or about October 30, 2020, Defendant terminated
> Plaintiff in discrimination and retaliation because Plaintiff in good faith objected
> to and refused to sign Defendant's waiver agreement which required Plaintiff to
> waive significant FLSA and NYLL rights as mentioned above.

Defendant moves to dismiss Plaintiff's retaliatory termination claims under the FLSA

and NYLL and states in relevant part as follows (Def Memo pg. 11):

> Plaintiff in h[i]s Complaint has failed to properly plead that he engaged in a
> protected activity known to the Defendant.

> Herein, Plaintiffs Complaint fails to articulate any complaint made by Plaintiff
> to Defendant that would put Defendant on notice that Plaintiff was complaining
> about an FLSA violation. Plaintiffs Complaint merely asserts that Defendant
> required Plaintiff to waive "several significant rights". See Marcus Aff., Ex. A,
> ¶ 21. Yet, other than saying Plaintiff generally objected to Plaintiffs "waiver"
> agreement, in the Complaint, Plaintiff has failed to articulate what Plaintiffs
> actual complaint to Defendant was concerning the Arbitration Agreement which
> would put Defendant on notice that Plaintiff was articulating a complaint
> relating to the FLSA rather than the Arbitration Agreement in general. Given
> that the Arbitration Agreement covers any and all claims rather than only claims
> brought pursuant to the FLSA, Plaintiff protesting that the Arbitration
> Agreement would require him to waive several rights does not constitute notice
> that Plaintiff is waiving his rights pursuant to the FLSA. Simply put, asserting
> that an employee objected to the terms of an arbitration agreement does not in of

4

itself trigger FLSA's retaliation provision.

The Second Circuit in *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 113–14 (2d Cir. 2015), provided guidance on what constitutes protected activity for purposes of an FLSA retaliation claim and stated in relevant part as follows:

> The employee need not invoke the Act by name, but, as the Court concluded, "[t]o fall within the scope of the anti-retaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." Id. Defining the exact contours of that standard is beyond the scope of this opinion, but it would, for example, exclude from the concept of "fil[ing a] complaint" a mere passing comment.

Simply put, Defendant is very wrong, and its argument easily fails – especially in light of the standard excerpted above from the Second Circuit in *Greathouse*. At the outset, we are not dealing in this case with "a mere passing comment" that the Second Circuit said would be insufficient for protection under the FLSA – materially more occurred and was alleged in this case.

Contrary to Defendant's argument, Plaintiff in the complaint does not merely allege that Plaintiff "objected to the terms of an arbitration agreement" – he actually alleged that "Plaintiff objected to Defendant's **waiver** agreement because it required him to waive several significant rights - including **rights under the FLSA and NYLL**." (ECF No. 1 ¶¶ 21). Indeed, the document produced by Defendant itself (Def. Ex. B), does contain a waiver agreement at paragraph 12, that specifically references and applies to the FLSA and NYLL – just as Plaintiff alleged in the complaint. The document at paragraph 12 states in relevant part as follows (Def Ex. B ¶ 12):

> Statute of Limitations. In order to insure that all issues concerning your employment are dealt with in a quick and efficient manner, as a condition of employment and/or continued employment with the Employer, any claim or lawsuit relating to your service or application for service with the Company

5

**must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit and Employee waives any statute of limitations to the contrary.** This agreement applies to the Employer, its owners, officers, employees, and agents, as well as any related Companies, successors, and assigns. This provision includes but is not limited to any claims under Title VII of the Civil Rights Acts of 1866, 1871, 1964 and 1992; the Employee Retirement Income Security Act of 1974, as amended; the Occupational Safety and Health Act; the National Labor Relations Act, as amended; the Americans with Disability Act of 1990; the Age Discrimination in Employment Act, as amended; the Worker Adjustment and Retraining Notification Act; the Pregnancy Discrimination Act; **Fair Labor Standards Act, as amended, the New York State Labor Law,** Family Medical Leave Act, the New York State Human Rights Law, New York State Executive Law, the New York City Administrative Code and any other Federal, State and local statutes **including but not limited labor and wage statutes**, regulations, decisional law and ordinances as well as all human rights, fair employment, contract and tort laws.

This detailed allegation (ECF No. 1 ¶¶ 21), which also includes itemization and explanation of the violations and even comes with legal citations, is sufficient to state protected activity for retaliation claims under the FLSA and NYLL – especially when all ambiguities are resolved in Plaintiff's favor and all reasonable inferences are drawn in Plaintiff's favor as must be done on this pre-answer motion to dismiss the complaint based on alleged insufficiency.

But there is even more. In this regard, we have the following text messages from the date of Plaintiff's termination upon which the complaint's allegations are also based and which are included as follows (Pl. Decl. Ex. 1):



Although there was more back and forth between Plaintiff and Defendant from October 27, 2020 to October 30, 2020, as set forth in the text messages from the date of Plaintiff's termination on October 30, 2020, Plaintiff specifically objected to the document as "illegal" because it would "release the company from any type of liability or claims," and the text also mentions the "labor law" – as opposed to all the other laws Defendant claims are covered. Other than a complaint drafted by a legal professional, this is probably as close as one would get to a perfect complaint in a retaliation case from a lay person without legal education or training, given its content and the fact it is in writing. Notably, the part of the document that most obviously and clearly deals with waiver of liability and claims is paragraph 12 excerpted above, and which clearly and specifically mentions the "Fair Labor Standards Act, as amended" and the "New York State Labor Law." Even though a protected objection/complaint need not mention a statute such as the FLSA or NYLL, remarkably, the text message also mentions the labor law which is also mentioned in paragraph 12 of the document excerpted above.  Moreover, because the claims, liability and rights encompassed in Plaintiff's complaints herein are not materially different under the FLSA and NYLL, a release or waiver

of claims/liability that violates New York Labor Law or a termination that would constitute retaliation under NYLL, would also violate the FLSA. As explained herein, both the FLSA and NYLL prohibit waiver of rights – especially waiver of wages and wage rights, and such waiver is even more prohibited under the FLSA in light of Supreme Court decisions in *Gangi* and *Brooklyn Savings* and the Second Circuit's decision in *Cheeks*. Not surprisingly, it appears that Defendant did not have any difficulty understanding Plaintiff's complaint about illegal release of claims and liability in the document. As noted in the text messages (Pl. Ex. 1), after receiving Plaintiff's complaints, manager Jose Ochoa said "I just spoke to my bosses. If you don't want to sign it you can't return to work" – in other words, he even discussed with his bosses, after which they reaffirmed their retaliatory stance that Plaintiff would be terminated if he did not sign.

Although the most obvious and glaring illegal release/waiver of FLSA and NYLL claims and rights that is the subject of Plaintiff's objections/complaints as set forth in the complaint filed in this case and the text messages, is the waiver of FLSA and NYLL wages resulting from the shortening of the statute of limitations (Ex. B, ¶ 12), the complaint in this action and the text messages easily and reasonably encompassed the other rights and claims waived and released in the document which are specifically enumerated in the complaint at paragraph 21 – the waiver of FLSA and NYLL fee rights, the waiver of the FLSA and NYLL right to bring an action in court, and the waiver of the FLSA right to participate in a collective/class action – especially at the pre-answer motion to dismiss stage.

By way of reinforcement and clarification, although the complaint's allegations and the text messages deal with the waiver of claims/rights under the NYLL and FLSA, the retaliation claims would still be properly stated even without such specificity. In this regard, it should be

clear that especially in the circumstances of this case, an objection to the document containing the waiver of rights under the FLSA and NYLL would by itself be sufficient to constitute and state retaliation claims under the FLSA and NYLL for several compelling reasons. First, such an objection/complaint would necessarily be an objection to the FLSA and NYLL waivers of rights in the document. Second, once an objection is made, Defendant, especially as the drafter of the document, has the opportunity and duty to inquire further and ask questions if it needed clarification or more specific information – a reasonable employer acting in good faith would follow up if more information is needed. Third, Defendant does not dispute that Plaintiff would have been fired for objecting to the provisions or agreements in the document that are cited in the complaint at paragraph 21 – the provisions waiving FLSA and NYLL rights. Although Defendant mentions that unlawful provisions in the document are severable (Def. Mem. Pg 15, fn 6), the severability argument is one that may be relevant on a motion to compel arbitration but is not relevant here – the case here involves the opposite situation where Plaintiff did not sign the document with the arbitration and other agreements in the first place and we are dealing as a result with retaliation claims instead of a motion to compel arbitration. Moreover, the document Defendant required Plaintiff to sign contained the subject unlawful provisions which were not severed at any stage – it appears that Defendant still argues in favor of these provisions/waivers. Fourth, as noted in the text messages, after receiving Plaintiff's complaints, Plaintiff's manager spoke with his bosses after which they still decided to terminate Plaintiff if he did not sign. Fifth, as the Second Circuit noted in *Greathouse* and *Cheeks*, because of the strong remedial purpose of the FLSA and NYLL, these statutes must be given broad meaning and liberal interpretation – including the interpretation of what constitutes a sufficient and protected complaint for purposes of a retaliation claim. Sixth, when a motion is directed at the

sufficiency of a complaint at the pre-answer stage of the proceedings, all ambiguities must be resolved in favor of the Plaintiff and all reasonable inferences must be drawn in favor of the Plaintiff.

None of the cases cited by Defendant involve the type of compelling facts we have here – where the unlawful provisions/waivers are in a written document prepared by Defendant itself and which are enumerated and explained in the complaint including with legal citations, and where we even have an example of Plaintiff's objection in writing – confirming that he was terminated for complaining about the improper waiver of FLSA and NYLL wages and rights. The absence of cases addressing this factual scenario is likely because it presents an obvious example of retaliation that responsible employers would avoid in the first instance.

### (B) THE SUBJECT PROVISIONS/AGREEMENTS WERE UNLAWFUL OR COULD REASONABLY BE VIEWED AS UNLAWFUL

We have established above that the objections/complaints made by Plaintiff were more than sufficient to state claims for retaliation under the FLSA and NYLL. We have also explained that Plaintiff need not complain about an actual violation but that a good faith belief as alleged, of violations, is sufficient. We will now further explain that waivers of rights/liabilities/claims under the FLSA and NYLL that Plaintiff complained about based on the complaint in this case and the text messages, were actual violations or can reasonably be viewed by a lay person employee as violations of the FLSA and NYLL. Notably, although we have about four such violations, a complaint need only encompass one of them for a retaliation claim to be sufficiently stated under the FLSA and NYLL.

### i.    WAIVER OF FLSA AND NYLL WAGES

As excerpted above from the waiver agreement (Ex. B, ¶ 12), without apparent dispute from Defendant, Defendant required Plaintiff, upon penalty of termination, to sign an

agreement shortening the FLSA and NYLL statute of limitations from three and six years respectively, to only six months. As such, given Plaintiff's employment period of about 2.5 years, Defendant's purported agreement specifically required Plaintiff to waive about two years' worth of unpaid wages under the FLSA and NYLL, especially given that overtime claims accrue on a weekly/pay period basis. See *Nakahata v. New York-Presbyterian Healthcare System, Inc.,* 723 F.3d 192, 198-199 (2d Cir. 2013); 29 C.F.R. § 790.21(b).

It appears that Defendant has employed a deliberate strategy of referring to the entire document as an arbitration agreement in an apparent attempt to confuse the court and distract from the fact that the document also contains illegal waivers, including an illegal waiver of wages under the FLSA and NYLL as excerpted above. (Ex. B, ¶ 12). As to this waiver provision, it is well settled under U.S. Supreme Court precedents, that it is unlawful and in violation of the FLSA to waive wages and rights provided by the FLSA. See *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945);  *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 (1946); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). In fact, the Second Circuit has gone further and has required judges to police the waiver of FLSA rights to ensure that such rights are not improperly waived or forfeited. See *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015)(requiring court approval of any waiver of any FLSA rights and wages). See also, *Caserta v. Home Lines Agency, Inc.,* 273 F.2d 943, 946 (2d Cir. 1959) ("this case lies in an area where agreements and other acts that would normally have controlling legal significance are overcome by Congressional policy."). New York has actually codified the prohibition of waiver of wages and wage rights into statute. See i.e. NYLL § 663 ("Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action."). NYLL § 191(2)("No employee shall be required as a

condition of employment to accept wages at periods other than as provided in this section.").

Defendant has cited a few state court cases for the proposition that employees can waive or shorten the statute of limitations. (Def. Mem. Pg 15). However, none of those cases dealt with or addressed the situation where the shortening of a statute of limitations resulted in a waiver of wages and rights under the FLSA and NYLL – uniquely protective statutes. Also, state cases cannot override federal law.

## ii.    WAIVER OF FLSA AND NYLL RIGHTS TO BRING CLAIMS IN COURT

The FLSA at 29 USC § 216(b) and NYLL at NYLL §§ 198, 663 specifically gives employees like Plaintiff a right to bring claims in court. A good faith objection to the waiver of these rights is a protected activity and terminating an employee because he engaged in such a protective activity is an unlawful adverse employment action under the FLSA and NYLL. (ECF No. 1, ¶ 20-22).

In response, Defendant argues that a Plaintiff is allowed to waive a judicial forum and agree to arbitration. It is true that even an FLSA Plaintiff can waive the right under the FLSA at 29 USC § 216(b) and agree to arbitration instead. However, this case presents a different question of not whether Plaintiff can agree to waive that right, but whether he can refuse to waive that right and whether the employer can terminate his employment for refusing to waive his FLSA and NYLL right to bring an action in Court.

Notably, Defendant has not cited any case directly addressing this issue and it appears to be one of first impression. See *Waters v. Churchill,* 511 U.S. 661, 678 (1994)("cases cannot be read as foreclosing an argument that they never dealt with."). Defendant's reliance on the Second Circuit's non-binding summary order in *Williams v. Parkell Prod., Inc.*, 91 F. App'x 707, 708–09 (2d Cir. 2003), is misplaced. In this regard, *Williams* involved a motion to compel arbitration

where the plaintiff had signed the agreement – this case involves retaliation claims resulting from Plaintiff's refusal to sign and agree to several waivers of wages and rights under the FLSA and NYLL – which, unlike the statutes in *Williams*, are "uniquely protective" – judges in this courthouse conduct approval/oversight hearing almost every day in FLSA cases but not in other types of cases.

In addition, relatively recently, the Second Circuit in *Cheeks,* and subsequent district court decisions have made it clear that the FLSA not only prohibits agreements and provisions which in effect waive wages, but it also prohibits agreements and provisions that are in tension with the strong remedial purpose of the of the FLSA which the Second Circuit in *Cheeks* described as a "uniquely protective statute." See. i.e. *Reyes v. HIP at Murray Street, LLC et al,* 15-cv-00238 (LGS) (ECF No. 60)('the settlement agreement will be approved provided that the parties amend it (either by filing a signed amendment or a  new signed agreement) by amending the provision prohibiting Plaintiffs from obtaining future employment from Defendants (paragraph 7). As written, paragraph 7 is a highly restrictive provision in "strong tension with the remedial purposes" of the Fair Labor Standards Act ("FLSA"). Cheeks v. Freeport Pancake House, Inc., No. 14-299-cv, --- F.3d ----, 2015 WL 4664283, at *6 (2d Cir. Aug. 7, 2015) (describing various restrictions in proposed FLSA settlements that have been rejected by courts)'). *Espinosa v. SNAP Logistics Corp et al*, Case No. 17-cv-06383, ECF No. 64, (Judge Torres – SDNY October 26, 2018)("In terms of employment restrictions, Paragraph 8 of the Settlement bars Plaintiff from "seek[ing] to do business or contract[ing]" with Defendants. Settlement ¶ 8. "A provision limiting plaintiffs' employment opportunities is not permitted."). *Flores v. Hill Country Chicken NY, LLC*, No. 16 Civ. 2916, 2017 WL 3448018, at *2 (S.D.N.Y. Aug. 11, 2017); accord *Baikin v. Leader Sheet Metal, Inc.*, 16 Civ. 8194, 2017 WL 1025991 at

*1 (S.D.N.Y. Mar. 13, 2017) (calling bars on future employment with Defendants a "highly restrictive provision in strong tension with the remedial purposes of the FLSA" (internal quotation marks, citation and alteration omitted)). *Zekanovic v. Augies Prime Cut of Westchester, Inc.,* No. 19-CV-8216 (KMK), 2020 WL 5894603, at 5 (S.D.N.Y. Oct. 5, 2020)("Courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA."). *Cruz v. Relay Delivery, Inc.,* No. 17-CV-7475 (JLC), 2018 WL 4203720, at 1 (S.D.N.Y. Sept. 4, 2018). *Clemente Vasquez v. T & W Rest., Inc.,* No. 18 CIV. 10167 (HBP), 2019 WL 3940135, at 1 (S.D.N.Y. July 19, 2019).

It will seem logical that is a no-reemployment provision as to a former employee is unlawful under the FLSA and NYLL, terminating a current employee for objecting to release of liability and claims under the FLSA and NYLL is even more unlawful. In light of the above authorities, the current trend among law firms and employers is to allow employees to opt out of arbitration and other agreements without being terminated.

### iii.   WAIVER OF FEE RIGHTS

Defendant argues that the subject document (Ex. B), does not require waiver of rights to legal fees, and rights not to pay legal fees under the FLSA and NYLL. However, the fee provision is ambiguous at best and can lead a reasonable employee to believe that he may be liable for fees that he would not otherwise be liable for and that he may not be able to obtain fees from Defendant if he prevails. For example, Defendant addressed the fee provision in relevant part as follows (Def. Mem. 13-14):

> The section entitled arbitration fees and costs expressly states that the Employer shall be responsible for the arbitrator's fee. See Ex. B, p.4. The Arbitration Agreement also states that each party is responsible for their own attorneys' fees. Id. The Arbitration Agreement also states "if a party prevails on a statutory claim that affords the prevailing party attorneys' fees and costs, or if there is a written

14

agreement providing for attorney's fees and costs, the Arbitrator may award reasonable attorneys' fees in accordance with the applicable statute or written agreement." Id. ( emphasis added).

Based on Defendant's own description of the fee provision above, it is not true that said provision merely tracks subject statutory fee provisions like those in the FLSA and NYLL. In this regard, the fee provision states that "each party shall be responsible for their own attorney's fees" and allows an arbitrator to award fees involving a statutory claim to be awarded under an "agreement." By contrast, the FLSA at 29 USC § 216(b) only allows fees to a prevailing *plaintiff* – not a prevailing *party*. More significantly, fees under the FLSA are awarded only as provided in the statute – not based on any agreement – especially an agreement the employer drafted in its favor and required the Plaintiff to sign upon penalty of termination. Courts have found provisions infringing on FLSA fee rights to be invalid under the FLSA. See i.e. *Toure v. Thunder Lube Inc.,* No. 17CV0657DLIJO, 2019 WL 4805197, at 5 (E.D.N.Y. Sept. 30, 2019) and *Espinosa v. SNAP Logistics Corp.,* No. 17 CIV 6383 (AT), 2018 WL 9563311, at 5 (S.D.N.Y. Apr. 3, 2018).

### iv.   WAIVER OF COLLECTIVE/CLASS ACTION RIGHTS

Similar to the arguments above about refusing to waive the FLSA and NYLL right to bring an action in court, although an employee may be able to waive the statutory right under the FLSA at 29 USC § 216(b) to participate in a collective/class action, the question here is different – it is whether the employee can refuse to waive such a right provided under the FLSA at 29 USC § 216(b) and be terminated as a result without the FLSA being violated. An FLSA violation will result.

### 2.   PLAINTIFF HAS PLAUSIBLY, ADEQUATELY AND COMPELLINGLY STATED HIS CLAIMS FOR OVERTIME PAY UNDER THE FLSA AND NYLL

In this action, Plaintiff seeks to recover unpaid overtime wages under the FLSA and

NYLL for the period of his employment from in or around April 2018 to on or about October

30, 2020 as set forth in the complaint and as further explained below.

Under the Fair Labor Standards Act ("FLSA")[1], there is a presumption that all

employees of a covered employer are entitled to overtime pay and that an employee is entitled

to 1.5 times her regular rate for all hours worked in excess of forty in a week. See 29 U.S.C. §

207(a)(1); *Reich v. State of New York*, 3 F .3d 581, 587 (2d Cir.1993). An employee must

therefore prove two elements in order to prevail on an FLSA overtime cause of action against a

covered employer. First, he must allege and prove that he worked more than 40 hours in a

week. Second, he must show that he was not paid at a rate of at least 1.5 times her regular rate

for all hours over forty in the week. An employee can bring an FLSA overtime claim even for a

single week. See 29 C.F.R. § 790.21(b). *Nakahata v. New York-Presbyterian Healthcare*

*System, Inc.,* 723 F.3d 192, 198-199 (2d Cir. 2013).

Whether an exemption applies to the FLSA **is an affirmative defense** on which the

employer has the burden of proof. *Corning Glass Works v. Brennan*, 417 U.S. 188 (1974).

Exemptions to the Fair Labor Standards Act ("FLSA") as incorporated into NYLL are to be

narrowly construed, with the employer bearing the burden of proving that employees fall

within exemption. *Martin v. Malcolm Pirnie, Inc.* 949 F.2d 611 (2d Cir. 1991). The employer

must show that the employee fits "plainly and unmistakenly within [the exception's] terms."

*Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388 (1960). As the Second Circuit stated, "consistent

with the remedial purposes of the FLSA, we do not give FLSA exemptions generous

application." *Reich v. State of N.Y.* 3 F.3d 581 (2d Cir. 1993).  See also *Settlement Home Care,*

*Inc. v. Industrial Board of Appeals of NYS Department of Labor*, 151 A.D.2d 580, 81 (2d Dep't

---

[1] The FLSA can be found at 29 USC § 201 et Seq. 29 USC § 207 requires overtime pay and 29 USC 216 is the enforcement provision.

1989) (reaffirming that exemptions under NYLL are affirmative defense which the employer must plead and prove). Currently, under *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142, 200 L.Ed.2d 433 (2018), exemptions are to be given a fair reading and the burden of proving exemptions continues to be on the employer.

New York does not have an overtime statute per se. However, the New York Minimum Wage Act ("NYMWA") authorizes the New York State Department of Labor ("NYSDOL") to enact regulations under the NYMWA and pursuant to this authority, the NYSDOL enacted a regulation at 12 NYCRR § 142-2.2 which governs the payment of overtime wages in New York State. The regulation at 12 NYCRR § 142-2.2 states in relevant part that overtime shall be paid "in the manner and methods" of the Fair Labor Standards Act ("FLSA") at 29 U.S.C 201 et Seq. As such, the caselaw, regulations and jurisprudence developed under the FLSA are used to analyze overtime cases under 12 NYCRR § 142-2. See *Scott Wetzel Services Inc. v. New York State Bd. of Indus. Appeals,* 252 A.D.2d 212, 682 N.Y.S.2d 304 (3d Dep't 1998). *Ansoumana v. Gristede's Operating Corp.*, 255 F.Supp.2d 184, 189 (S.D.N.Y. 2003). *Lopez v. Silverman*, 14 F.Supp.2d 405, 411 n. 4 (S.D.N.Y.1998).

Unlike discrimination and other employment cases, an FLSA overtime Plaintiff need not show intent or willfulness. Likewise, an FLSA overtime Plaintiff need not show any policy by the employer to violate the FLSA even though such a policy and practice exists in this case – once worked, overtime must be paid for. Also, neither the employer nor employee can agree to waive the overtime requirements of the statute. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015); *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 944, 946

17

(2d Cir.1959). Finally, a mistaken belief or misunderstanding of the FLSA is not a valid

defense in an FLSA overtime case. *Greenberg v. Arsenal Bldg. Corporation*, 144 F.2d 292

(2d Cir. 1944).

As a backup/alternative argument, Defendant challenges the overtime hours element of

Plaintiff's overtime claim and state in relevant part as follows (Def. Memo, pg. 20):

> Plaintiff has completely failed to assert any specific workweeks where Plaintiff
> worked over 40 hours per week. Herein, Plaintiff has provided no factual context
> to nudge his claim to plausible and to establish that he has drawn on his memory
> and experience to set forth a plausible claim that he worked over 40 hours in a
> week.

However, Defendant incorrectly argues that the overtime claim is not properly or

plausibly stated. It is well settled that on a pre-answer motion to dismiss for failure to state a

claim, the factual allegations in the complaint are accepted as true and all reasonable inferences

are drawn in favor of the Plaintiff. In *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir.

2013), which was the last and therefore most controlling in a trilogy of Second Circuit opinions

on FLSA pleading standards, the plaintiff prevailed on two of the three issues but lost a close call

on the third issue - as to which the Second Circuit noted that some courts would uphold the

allegation in *Dejesus* that plaintiff worked more than 40 hours weekly, while others required an

estimate/approximation of the weekly hours. *Dejesus*, 726 F.3d at 88. The *Dejesus* decision only

requires an estimate of overtime hours or where no estimate is provided, sufficient context and

factual matter to allow the court to make an estimate/approximation. *Dejesus*, 726 F.3d at 89.

Similarly, in *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 10 CIV. 2661 PAC,

2011 WL 321186, at 4 (S.D.N.Y. Jan. 28, 2011), aff'd in part, vacated in part, remanded, 723

F.3d 192 (2d Cir. 2013) the Second Circuit upheld the lower court's ruling that in order to state

an FLSA claim "At a minimum, [the complaint] must set forth the approximate number of

unpaid regular and overtime hours allegedly worked." Also, in *Lundy v. Cath. Health Sys. of Long Island Inc.,* 711 F.3d 106, 113 (2d Cir. 2013), the Second Circuit was faced with a pleading that did not estimate the weekly hours and based on the information provided, the court could not estimate more than forty hours any week. It was against this backdrop that the Second Circuit concluded that the plaintiffs in those cases failed to properly allege overtime hours in "**any given week**" - a phrase that is often misunderstood and misused – including by Defendant in this case. By contrast, as we will explain below, Plaintiff has estimated his hours and overtime hours for *each* week – every week and a lot more than just a given week.

We know that the Second Circuit in *Lundy*, *Nakahata* and *Dejesus* did not and could not require anything more than **estimates** because the U.S. Supreme Court in *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-512 (2002), unanimously held that the pleading standard cannot be higher than the lowest proof standard at trial – Courts including the Second Circuit continue to apply *Swierkiewicz* after *Iqbal* and *Twombly* which are not inconsistent with *Swierkiewicz*. *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 228–29 (2d Cir. 2014) ("[the U.S. Supreme Court] went out of its way in Twombly to reaffirm that holding [in *Swierkiewicz*]."). In this regard, under the FLSA, a Plaintiff can meet his burden of proof "through estimates based on his own recollection." *Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 362 (2d Cir. 2011). *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946). This is especially true at the pre-answer stage of the proceedings where wage/time records have not been produced and no discovery done.

Here, Plaintiff easily meets and exceeds the plausibility standard by providing an estimate of his weekly hours and overtime hours based on his personal knowledge. (ECF No. 1, ¶ 12-17). For example, in paragraphs 15-17 of the complaint, Plaintiff states in relevant part as follows:

At all times relevant herein, Plaintiff worked about 45-60 or more hours a week for Defendant – 5-7 days a week.

At all times relevant herein, Plaintiff was not paid for each and all hours worked in a week including his non-overtime and overtime hours (hours over 40 in a week) worked, for each week during his employment with Defendant - at all times relevant herein, Defendant had a policy and practice of deducting from the wages of Plaintiff, payment for 30 mins daily for lunch breaks. However, due to the demands of his job, Plaintiff did not receive a "bona fide" meal break. As a result of this unlawful wage deduction, Plaintiff is entitled to wages including non-overtime and overtime wages for about 3-3.5 hours per week, for each week during his employment with Defendant.

At all times relevant herein, Plaintiff was not compensated for overtime worked driving to and from Defendant's job sites in Defendant's vehicle and while transporting Defendant's supplies and equipment. Plaintiff was also not compensated for overtime spent taking care of Defendant's vehicle, equipment and supplies after regular working hours.

Furthermore, although Plaintiff can establish an overtime claim for just a single week, the overtime violations here were for *each* week of his employment such as when he alleged that "Plaintiff worked about 45-60 or more hours a week for Defendant – 5-7 days a week." By way of reinforcement, Plaintiff not only provided an estimate of his overtime hours, for a given week – he did so for "***each week*** during his employment with Defendant." See complaint – ECF No. 1 ¶¶ 15, 17). In other words, Plaintiff alleged that he worked about 45-60 hours each week, 5-7 days a week, during the approximately 128 weeks of his employment which lasted from April 2018 to on or about October 30, 2020 – this works out to only about 9 hours a day. There is absolutely nothing implausible about Plaintiff's hours of work each week during his employment – during this same period for example, Plaintiff's counsel herein worked significantly more than 60 hours **each** week. By way of reinforcement and based on Plaintiff's allegations, he has not only pleaded his claims with plausibility, but he has also pleaded them with mathematically certainty. In this regard, for an employee to work about 45-60 hours each week, it necessarily

means that the employee worked overtime (hours over 40), in every week, under the laws of mathematics.

By way of reinforcement, the complaint as excerpted above went further than necessary and even described the type and nature of the work performed and the number of days worked per week in addition to estimates of the weekly hours. In this regard, the complaint alleged and explained that the overtime of between 5 and 20 hours each week consisted of improper deductions for lunch and also alleges time spent travelling between job sites, etc. As alleged in the complaint, the lunch time deductions sometimes constituted non-overtime hours and sometimes constituted overtime hours – but importantly, the complaint only described the time spent travelling between work sites, etc., as overtime. As such, even if weeks when Plaintiff worked a minimum of 45 hours and all of the lunch time deduction constituted non-overtime hours, we still have five weekly overtime hours in the form of time spent travelling between job sites etc. for which Plaintiff was not paid any wages. Plaintiff seeks to recover his non-overtime wages in his third cause of action under Article 6 of the New York Labor Law and not under the overtime provisions of the FLSA and NYLL which form the first and second causes of action.

It is well settled that time spent travelling between work sites etc., is compensable and failure to compensate for this form of overtime pay violates the FLSA and NYLL. See i.e. *Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 361 (2d Cir. 2011)('Our holding does not affect the status of Retail Specialists' travel time between different Home Depot stores during the workday, which B & D properly treats as fully compensable under the FLSA. See 29 C.F.R. § 785.38 ("Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked.")').

Similarly, it is well settled that improper deductions for lunch time violate the FLSA and NYLL. See i.e. *Reich v. S. New England Telecommunications Corp.,* 121 F.3d 58 (2d Cir. 1997)(upholding monetary award to employees on their lunch time overtime claim); *Worley v. City of New York*, No. 17 CIV. 4337 (LGS), 2020 WL 730326, at 7 (S.D.N.Y. Feb. 12, 2020); *Ealy-Simon v. Liberty Med. Supply, Inc.*, 2007 WL 7773834, at 9 (S.D. Fla. Feb. 12, 2007) (summary judgment to FLSA Plaintiff on lunch time overtime claim). See also 29 CFR 785.18 ("Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.").

Defendant cites to *Briceno v. USI Servs. Grp., Inc.*, No. 09-CV-4252 JS AKT, 2012 WL 4511626, at 6 (E.D.N.Y. Sept. 28, 2012) and argues that an automatic mean deduction policy is not per se illegal. However, unlike *Briceno* where, as to the 'automatic meal deduction policy, the Named Plaintiffs allege that such a policy is "improper" and "unlawful,"' the complaint here did materially more by also alleging that 'due to the demands of his job, Plaintiff did not receive a "bona fide" meal break.' (ECF No. 1 ¶ 15). In fact, although an automatic lunch deduction is not per se illegal, it comes with a presumption of illegality because the time being deducted is not reflected in the contemporaneous records that the employer and not the plaintiff, was required to keep as a matter of law, and the employer is deducting time even if the employee is working during such time. Therefore, at the pleading stage and even afterwards, this presumption of illegality against the employer who had the time and record keeping duty under the statutes, controls, although it can be rebutted by the employer with sufficient evidence to show that Plaintiff did in fact receive a bona fide meal period on every day that Defendant made such a

deduction. Notably, the FLSA and NYLL places the burden of recording work time and paying for such work time on the employer and not the employee and the practice of deducting and not paying an employee time for lunch which is not reflected on Defendant's own records is absolutely reckless at minimum.

As we have explained above, the Second Circuit has never required an FLSA plaintiff to provide or allege anything more than "estimates based on his own recollection" in order to sufficiently and plausibly state an overtime claim. Defendant's reliance on certain non-binding lower court cases is also misplaced. Notably, Defendant argues that dismissal of the overtime claims here is warranted because the overtime allegations here are similar to those in *Gisomme v. HealthEx Corp.*, No. CV 13-2541 LDW WDW, 2014 WL 2041824, at 2 (E.D.N.Y. May 15, 2014). However, unlike *Gisomme*, Plaintiff here did not allege "an average" of weekly hours. By contrast, Plaintiff provided an estimated range of hours worked *each* week – 45-60 hours and not just for one week but for *each* week. Moreover, the district court in *Gisomme* cited to an appear to equate the allegations in that case to *Nakahata* and *Dejesus* which did not involve estimates of weekly hours and overtime hours. By contrast, the complaint here not only provides such estimates, it also explains the different types of overtime violations such as improper lunch time deductions and failure to pay for time worked between job sites etc.

Ironically, I brought an overtime case against the same defendant, the same defense attorney and with the same judge presiding as in *Gisomme*. See *Cawly v. HealthEx Corp. et al*, 14-CV-01337 (LDW)(AKT). As in *Gisomme*, the defense in *Cawly* filed a pre-motion letter to dismiss the overtime claims, but after we responded with the arguments we make here, they backed away from the motion and settled the case.

Simply put, none of the cases cited by Defendant deal with the type of allegations here –
estimates plus descriptions of types of overtime violations, etc. In any event, any lower court
case requiring an FLSA plaintiff to plead anything more than estimates based on his own
recollection is erroneous as such a requirement would violate the Supreme Court and Second
Circuit precedents allowing a Plaintiff to use estimates based on his own recollection, as
explained above. In fact, it seems that decisions about FLSA pleading standards would be
incomplete and unreliable unless they address Supreme Court and Second Circuit precedents
allowing a Plaintiff to prove his case with estimates based on his own recollection, and the fact
that the pleading standard cannot be higher than the lowest proof standard at trial. We should
also pay close attention to the Supreme Court's reminder in *Iqbal/Twombly* that evaluating the
sufficiency of a pleading is a context-specific inquiry – and that not every case is an antitrust or
discrimination case like in *Twombly* and *Iqbal*. As such, we must adjust the analysis to the claims
at issue. In this regard, because the antitrust and discrimination claims in *Iqbal* and *Twombly*
involved intent and state of mind which are extremely difficult to ascertain, a lot of facts are
required in those types of cases to determine plausibility. By contrast, intent or state of mind are
not required in an FLSA case to establish liability – we are basically dealing with simple
counting of hours and if the count exceeds 40 a week, we can say with certainty and not just
plausibility, that the work hours element of an FLSA and NYLL overtime claim is properly
stated. We should also remember that the role of the Court is not to determine credibility but to
assess plausibility. In other words, where, as here, the plaintiff put forth a factual estimate of his
hours based on his recollection as he is allowed to do by the Supreme Court and Second Circuit,
then the court must take such a factual allegation as true, and taken as true, such allegation of 45-
60 hours each week, establishes the overtime hours element of an FLSA and NYLL claim with

certainty and not just with plausibility. Once again, we can only hope for plausibility when dealing with difficult to ascertain elements such as intent, discrimination, state of mind, conspiracy etc., but we can determine with certainty whether the factual allegation of 45-60 hours exceeds 40 hours.

## V.   CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court deny Defendant's motion to dismiss in its entirety, and grant Plaintiff such other, further and different relief in Plaintiff's favor as the Court deems just and proper.

Dated: Queens Village, New York
        March 26, 2021

Respectfully submitted,

Abdul Hassan Law Group, PLLC

__  /s/ Abdul Hassan_____
**By: Abdul K. Hassan, Esq. (AH6510)**
*Counsel for Plaintiff Ravel Rodriguez*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com