UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Date of Service: April 14, 2021

| RAVEL RODRIGUEZ, |
| --- |
| Plaintiff, |
| -against- |
| A.C.A. INDUSTRIES, INC. d/b/a AMERICAN MAINTENANCE, |
| Defendant. |

Index No.: 20 Civ. 5781 (DG)(AYS)

# DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

By: Joshua Marcus, Esq.
FRANKLIN, GRINGER & COHEN, P.C.
*Attorneys For Defendant*
666 Old Country Road, Suite 202
Garden City, NY 11530-2013
(516) 228-3131

## Table of Contents

TABLE OF AUTHORITIES....................................................................................................................i

INTRODUCTION ................................................................................................................................1

    POINT I: Plaintiff Has Failed To Assert A Viable Claim of Retaliation Pursuant To The FLSA and/or NYLL…..…………………………………………………………………….....……….1

        A. Plaintiff's Complaint And His Improperly Submitted Text Messages Fail To Clearly Articulate A FLSA or NYLL Complaint………………………………………………………….1

        B. Plaintiff Has Failed to Demonstrate A Violation Of The FLSA or NYLL…..……………4

    POINT II: Plaintiff Has Failed To Sufficiently Allege Facts Which Would Raise A Plausible Inference Of An FLSA and/or NYLL Overtime Violation…..............................................................8

CONCLUSION…………………………………………………………………………………10

# Table of Authorities

### Cases

*Bank United N.A. v. Merritt Environmental Consulting Corp.*, 360 F. Supp.3d 172 (S.D.N.Y. 2018).................................................................................................. 3

*Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 655 S. Ct. 895 (1945)......................................................................................................... 7

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2016) ................................................................................................................. 6-7

*Cotto v. John C. Bonewicz, P.C.*, 2015 WL 3609167 (N.D. Ill. 2015)......................................................................................................... 8

*Dejesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 918 (2014)......................................................................................................... 8

*Dunn v. Sederakis*, 143 F. Supp.3d 102 (S.D.N.Y. 2015)......................................................................................................... 3

*Early-Simon v. Liberty Medical Supply, Inc.*, 2007 WL 7773834 (S.D. Fla. 2007) ................................................................................................................. 9

*Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 200 L. Ed.2d 889 (2018)......................................................................................................... 5-6

*Gisomme v. HealthEx Corp.*, 2014 WL 2041824 (E.D.N.Y. 2014) ................................................................................................................. 8

*Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013)......................................................................................................... 8

*Manfield v. Alutiiq Intl. Solutions, Inc.*, 851 F.Supp.2d 196 (D. Me. 2012)......................................................................................................... 4

*Murphy v. American Home Products Corp.*, 58 N.Y.2d, 293, N.Y.S.2d 232 (1983) 2014)......................................................................................................... 5

*Reich v. S. New England Telecommunications Corp.*, 121 F.3d 58 (2d Cir.1997) ................................................................................................................. 9

*Robledo v. No. 9 Parfume Leasehold.*, 2013 WL 1718917 (S.D.N.Y. 2013)......................................................................................................... 4

*Serrano v. I. Hardware Distributors, Inc.*, 2015 WL 4528170 (S.D.N.Y. 2015)......................................................................................................... 8

Case 2:20-cv-05781-DG-AYS   Document 19   Filed 04/14/21   Page 4 of 15 PageID #: 136

*Spiteri v. Russo,* 2013 WL 4806960 (E.D.N.Y 2013)………………………………………………………………….. 8

*Sutherland v. Ernst & Young LLP,* 726 F.3d 290 (2d Cir. 2013)………………………………………………………………….. 6

*Walthour v. Chipio Windshield Repair, LLC,* 745 F.3d. 1326 (11th Cir. 2014)………………………………………………………………….. 6

*Watkins v. First Student, Inc.,* 2018 WL 1135480 (S.D.N.Y. 2018)………………………………………………………………….. 2

*Williams v. Parkell Products, Inc.,* 91 Fed. Appx. 707 (2d Cir. 2003)………………………………………………………………….. 2

*Worley v. City of New York,* 2020 WL 915809 (S.D.N.Y. 2020) ………………………………………………………………….. 9

## Statutes & Regulations

Fair Labor Standards Act, 29 U.S.C. §§201-219…………………………………………………………………….. 1

New York Labor Law § 198 ………………………………………………………………….. 6

New York Labor Law § 663 ………………………………………………………………….. 6

## INTRODUCTION

Defendant A.C.A. Industries, Inc. d/b/a American Maintenance ("American Maintenance"), submits this reply in further support of its motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff Ravel Rodriguez (hereinafter "Rodriguez") has failed to state actionable claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") and the New York Labor Law ("NYLL"). Plaintiff in his Memorandum of Law In Opposition to Defendant's Motion to Dismiss ("Plaintiff's Memo") has not demonstrated that he asserted a complaint that a reasonable person would understand pertained to the FLSA and/or NYLL. Plaintiff's improper attempts to rehabilitate his claims by including text messages not referenced or incorporated in the Complaint show that Plaintiff's "complaint" at best reflected general concerns about the arbitration agreement which are not actionable. Furthermore, Plaintiff's premise of attacking the provisions of the arbitration agreement *post hoc* is improper on its face as those complaints were not articulated by Plaintiff. Furthermore, Plaintiff cannot show that Defendant's arbitration agreement was improper as a matter of law. Finally, Plaintiff cannot demonstrate that he has properly plead overtime claims pursuant to the FLSA and NYLL as Plaintiff's conclusory assertion that he worked over 40 hours and/or that Defendant had a policy or practice of not paying for meal breaks does not meet the Second Circuit's plausibility pleading requirements.

## POINT I

### PLAINTIFF HAS FAILED TO ASSERT A VIABLE CLAIM OF RETALIATION PURSUANT TO THE FLSA AND/OR NYLL

A. Plaintiff's Complaint And His Improperly Submitted Text Messages Fail To Clearly Articulate A FLSA or NYLL Complaint.

Plaintiff in his opposition papers does not offer any substantial response to established law that an employer may condition employment upon the signing of an arbitration agreement. See *Williams v. Parkell Products, Inc.*, 91 Fed. Appx. 707, 708-9 (2d Cir. 2003).[1] Accordingly, Plaintiff cannot deny that general protestations regarding an arbitration agreement do not constitute a complaint pursuant to the FLSA and/or NYLL. To assert otherwise would in essence mean anytime an employee complained about an arbitration agreement, such a complaint would automatically constitute a complaint pursuant to those statutes. Plaintiff cites no case law for such an overreaching proposition.

As set forth in Defendant's initial motion papers, a party asserting an oral claim of retaliation pursuant to the FLSA must do so in a way where a reasonable person would understand that the employee is asserting the employer violated the rights protected by the FLSA by a clear articulation of facts indicative of illegality and a call for their protection. See e.g., *Watkins v. First Student, Inc.*, 2018 WL 1135480, at *10 (S.D.N.Y. 2018). Plaintiff in his Memo instead focuses on *post-hoc* arguments as to why Plaintiff's attorney believes that such arbitration agreement required Plaintiff to waive certain rights. See Plaintiff's Memo, pp. 3-10. This is simply immaterial as a matter of law as such after the fact attempts to attack the terms of the arbitration agreement are irrelevant as to whether Plaintiff's Complaint articulated a complaint a reasonable person would know was a complaint pursuant to the FLSA and/or NYLL.

Recognizing the weakness of Plaintiff's argument, Plaintiff in his opposition papers includes text messages relating to his purported FLSA and NYLL complaint. See Rodriguez Dec., Ex. 1. This is clearly improper as such documents were not incorporated by reference or

---

[1] Plaintiff's attempts to distinguish *Williams* on the basis that *Williams* did not involve a claim brought pursuant to the FLSA and that somehow the FLSA prohibits such claims from being arbitrated. See Plaintiff's Memo, pp. 12-13. There is no legal support for such argument and such argument was rejected by the Supreme Court in *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 200 L. Ed.2d 889 (2018).

2

even discussed in Plaintiff's Complaint and should be disregarded in connection with this motion. See e.g., *BankUnited N.A. v. Merritt Environmental Consulting Corp.*, 360 F. Supp.3d 172, 184 (S.D.N.Y. 2018).

However, even if such texts were considered, they actually bolster Defendant's argument that no reasonable person would understand that Plaintiff was making a complaint pursuant to the FLSA and/or NYLL rather than only a general complaint concerning signing the arbitration agreement. Upon explaining why he will not sign the agreement, Plaintiff merely asserts that he did not want to sign because it would "release the company from any type of liability and claims" and states "there are laws that protect us as employees." See Rodriguez Dec., Ex. 1. Such statement does not indicate in any way that Plaintiff was complaining about wages, overtime, the FLSA and/or the NYLL and such complainant appears to be an (incorrect) claim that the agreement was a release as opposed to an arbitration agreement. Such response can only be construed as a general complaint regarding signing an arbitration agreement. Further, as the arbitration agreement involves claims of any kind and is not related solely to claims pursuant to the FLSA and/or NYLL, Defendant would have no reason to understand that Plaintiff was asserting complaints pursuant to those statutes.[2] Said "complaint" is even more tenuously related to the FLSA and/or NYLL then other general complaints about not receiving pay, not being paid for all hours worked, or other general complaints about terms and conditions about one's employment, which courts have held are not actionable complaints pursuant to the FLSA. See e.g., *Dunn v Sedearikis*, 143 F. Supp.3d 102, 112-3 (S.D.N.Y. 2015) *Cotto v. John C. Bonewicz,*

---

[2] Plaintiff in his opposition papers continually characterizes the arbitration agreement as a "waiver agreement" and characterizes it as an agreement that only concerns FLSA and/or NYLL claims. This is a false and disingenuous misrepresentation of the agreement as the arbitration agreement clearly concerns all types of claims and discusses the procedures relating to the arbitration of such claims.

3

*P.C.*, 2015 WL 3609167 (N.D. Ill. 2015); *Manfield v. Alutiiq Intl. Solutions, Inc.*, 851 F.Supp.2d 196, 206 (D. Me. 2012); *Robledo v. No. 9 Parfume Leasehold*, 2013 WL 1718917, at *9 (S.D.N.Y. 2013).[3]

Only after Plaintiff was told that he would be terminated for not signing the arbitration agreement, did Plaintiff text his manager that it would be "retaliation and that's against the State Labor Laws" which again contains no specifics as to how such laws applied to the arbitration agreement. See Rodriguez Dec., Ex. 1. Just as an employee does not assert a FLSA claim by shouting "FLSA" when reprimanded for performance reasons, Plaintiff does not assert a claim herein by mentioning "state labor laws" after he was told his employment was conditioned upon signing the arbitration agreement. In sum, such texts actually support Defendant's argument-- Plaintiff did not articulate a complaint which a reasonable person would understand concerned rights protected by the FLSA or NYLL. Accordingly, Plaintiff's retaliation complaint should be dismissed.

B. <u>Plaintiff Has Failed to Demonstrate A Violation Of The FLSA or NYLL.</u>

Plaintiff in his Opposition papers asserts that Defendant's arbitration agreement is unlawful. Plaintiff's Memo, pp. 10-15. Again, such argument is immaterial to this motion as the question is whether Plaintiff adequately alleged a complaint protected by the FLSA and/or NYLL. In fact, the manner in which Plaintiff's counsel *post hoc* attempts to pick apart specific provisions of the arbitration agreement, which Plaintiff did not address in his text messages (and which Plaintiff himself does not assert he communicated to Defendant in his Complaint), belies

---

[3] Plaintiff also argues Defendant should have inquired further into Plaintiff's "complaint" to get clarification. Plaintiff's Memo, pp. 9. Plaintiff of course cites no provision for such a requirement and there is no such requirement as it is Plaintiff's burden of proof to demonstrate Plaintiff made a valid complaint pursuant to the FLSA. Moreover, courts have routinely dismissed cases where plaintiff made complaints about not being paid and did not require the employer to ask whether such complaint was a complaint made pursuant to the FLSA or NYLL. See e.g., *Dunn*, supra, 143 F.Sup.3d at 112-13.

4

Plaintiff's argument. Nowhere has Plaintiff alleged that he actually complained to Defendant that by signing the arbitration agreement, he would waive his rights to a jury, he would waive his rights to bring a collective action, his rights to obtain attorney's fees in a FLSA or NYLL matter would be impacted, or that his statute of limitations was impermissibly shortened pursuant to the FLSA or NYLL. Simply put, a valid complaint pursuant to the FLSA and/or NYLL is not made by making a general complaint about an arbitration agreement, and the later cherry-picking portions of the agreement without notifying Defendant of such "complaints". Moreover, as set forth below, Plaintiff's argument that the arbitration agreement is improper have been rejected and/or are based on false premises which are not supported by law.

Plaintiff asserts that the agreement was unlawful in that it required Plaintiff to waive his right to a collective action and his right to bring a trial by jury. See Plaintiff's Memo, pp. 10-13, 15. Yet, Plaintiff cites no cases to support such argument and completely ignores *Epic Systems*, and such cases progeny, in which the Supreme Court has held that the FLSA does not bar such claims from being arbitrated even if that may impact a plaintiff's right to bring a collective action. Plaintiff tries to avoid such case law by arguing that the issue is whether Plaintiff can unilaterally refuse to enter an agreement with no potential consequences. Plaintiff's Memo, p. 12. In essence, Plaintiff is arguing he should be able to dictate the terms of his employment. Plaintiff again offers no support for such a claim and such claim flies in the face of established employment law principles including the Second Circuit's decision in *Williams,* that an employer can condition employment upon the signing of an arbitration agreement. Furthermore, employment in New York, absent an employment agreement, is at-will. See *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 300-01, 448 N.E.2d 86, 461 N.Y.S.2d 232 (1983). Employers are free to terminate an employer for any reason or no reason at all, with limited

statutory exceptions. Herein, the Supreme Court has held in *Epic Systems* that the FLSA does not prohibit such agreements and there is nothing impermissible about such an agreement.

Plaintiff also argues that 29 USC § 216(b) and NYLL §§ 198, 663 prohibit arbitration agreements. Plaintiff's Memo, p. 12. However, those statutes merely state that employees <u>may</u> bring claims pursuant to such statutes in Court. However, neither statute explicitly contains any language displacing the FAA's policy favoring the enforceability of arbitration agreements. See e.g., *Sutherland v. Ernst & Young, LLP*, 726 F.3d 290 (2d Cir. 2013); *Walthour v, Chipio Windshield Repair, LLC*, 745 F.3d. 1326, 1336 (11th Cir. 2014).

Plaintiff also cites *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 655 S. Ct. 895 (1945) for the principle that employees cannot waive their right to receive minimum wages and overtime. See Plaintiff's Memo, p. 11. Yet, the arbitration agreement does not require Plaintiff to waive his right to overtime or minimum wages. The agreement merely requires Plaintiff to arbitrate his claims. Similarly, Plaintiff also cites *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199, 207 (2d Cir. 2015) for the proposition that Judges are required to police the waiver of FLSA rights. See Plaintiff's Memo, p.11. This is a simplistic and incorrect application of *Cheeks*. *Cheeks* and its progeny only stand for the principle that <u>private settlements</u> concerning a release of FLSA claims brought in Court must be reviewed by the Court pursuant to Fed. R Civ. P. 41 as the Court was concerned that a parties bargaining position in a private settlement could lead to overreaching and abuse. *Cheeks* and its progeny have nothing to do with whether a neutral arbitrator could hear such claims and as a practical matter, the concerns of overreaching and abuse are simply not present.[4] Plaintiff's repeated attempts to conflate the arbitration of a claim with a waiver of rights demonstrates Plaintiff's misunderstanding of arbitration and the FAA.

---

[4] It should also be noted that the NYLL has no analogous requirement of judicial review.

6

Plaintiff also argues that the arbitration agreement is invalid in that prevailing parties would be entitled to attorneys' fees and the FLSA only permits attorneys' fees to be given to a prevailing plaintiff. Plaintiff's Memo, pp. 14-15. Plaintiff's argument misstates the arbitration agreement. As an initial matter, the arbitration agreement covers all claims that could be brought- not just FLSA or NYLL claims. Moreover, the arbitration agreement clearly states, "<u>if a party prevails on a statutory claim that affords the prevailing party attorneys' fees and costs</u>, or if there is a written agreement providing for attorney's fees and costs, the Arbitrator may award reasonable attorneys' fees <u>in accordance with the applicable statute</u> or written agreement." Marcus Aff., Ex. B, p. 3. (<u>emphasis added</u>). Such language clearly and unequivocally states attorneys' fees and costs are permissible to the extent such statutory claim permits them, and to the corollary, attorneys' fees and costs cannot be granted to the extent such statute does not permit such fees. Accordingly, Plaintiff's argument that a prevailing Defendant could receive attorneys' fees is disingenuous.

Plaintiff also argues that the arbitration agreement is invalid in that it has a provision that limits the time to bring an action. Plaintiff's Memo, pp. 10-12. Plaintiff argues that such provision violates the FLSA and NYLL to the extent such provision was a waiver of Plaintiff's FLSA and NYLL rights. Again, Plaintiff cites *Brooklyn Savings Bank, Cheeks* for the principle that such provision is invalid. *Id.* Yet, none of these cases deal with shorter limitation periods. Moreover, as Plaintiff does not dispute, parties can agree to a shorter statutes of limitations to bring a claim. See e.g., *Hunt v. Raymor & Flanigan,* 105 A.D. 3d 1005, 963 N.Y.S.2d 722 (2d Dep't 2013). Plaintiff offers no case law contradicting such cases. Accordingly, Plaintiff's argument fails, and Plaintiff cannot demonstrate that the arbitration agreement is invalid.[5]

---

[5] Further, the arbitration agreement herein has a severability clause that states that if any provision of the agreement is unenforceable or void, such provision shall be severed, and the remainder of the agreement shall

7

## POINT II

## PLAINTIFF HAS FAILED TO SUFFICIENTLY ALLEGE FACTS WHICH WOULD RAISE A PLAUSIBLE INFERENCE OF AN FLSA AND/OR NYLL OVERTIME VIOLATION

Plaintiff argues that he has asserted a plausible overtime claim by merely asserting an estimate of overtime hours. See Plaintiff's Memo, pp. 18-20. This is simply an incorrect statement of law. The Second Circuit has clearly stated that in order to nudge a claim to plausible, a plaintiff at minimum must allege overtime without compensation in a "given" workweek. See. *Lundy v. Catholic Health System of Long Island*, 711 F.3d 106 (2d Cir. 2013). General allegations without any factual support is precisely what the Second Circuit has held to not satisfy the plausibility standards necessary to assert a claim. See *Dejesus v. HF Mgmt. Servs.*, 726 F.3d 85, 90 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 918 (2014) ("*Lundy*'s requirement that plaintiffs must allege overtime without compensation in a 'given' workweek was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'"). See also *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 321 (E.D.N.Y. 2012) *see also Spiteri v. Russo*, 2013 WL 4806960 at *56 (E.D.N.Y. 2013), *Serrano v. I. Hardware Distributors, Inc.*, 2015 WL 4528170 * 4 (S.D.N.Y. 2015), *Gisomme v. HealthEx Corp.*, 2014 WL 2041824, at *2 (E.D.N.Y. 2014).[6] Simply put, a claim that a Plaintiff worked over 40 hours every week without more is too speculative and does not establish a plausible claim. Herein, Plaintiff does not deny that he merely asserts he worked "about 45-60" or more

---

remain valid. *Marcus Aff., Ex. B*, p.4. Again, the arbitration agreement clearly applied to any type of clam and not just FLSA and/or NYLL claims, such clause would allow the Plaintiff to challenge portions of the agreement he believed to be unenforceable.

[6]     Plaintiff also asserts that the same arguments were made before you in a case with the same attorneys in *Cowley v. HealthEx Corp.*, 14 Civ. 1337 (LDE)(AKT). Plaintiff's Memo, p. 23. However, although it appears Plaintiff's counsel represented the Plaintiff in that action, it appears that neither Your Honor, Defendant's counsel, Defendant's counsel's firm and/or Defendant were parties to that matter, despite Plaintiff's representation. Moreover, it appears that after Defendant's motion was made, the plaintiff in that action amended their Complaint.

8

hours a week for Defendant- 5-7 days a week and was not paid for all hours worked in a week including non-overtime and overtime hours worked for each week he worked for Defendant. Marcus Aff., Ex. A, ¶¶ 15, 17. Plaintiff offers no sample week and by claiming he worked "45-60" hours each week Plaintiff instead is using a pleading template in violation of *Dejesus*. Accordingly, Plaintiff has failed to establish a plausible claim that he worked over 40 hours in a week and Plaintiff's overtime claim should be dismissed.

Plaintiff also asserts that he has set forth that Defendants had a "policy and practice" of deducting from Plaintiff, payment for 30 minutes daily for lunch breaks. Plaintiff's Memo, pp, 21-22. Plaintiff further argues that deductions for meal periods can result in claims that a Plaintiff was not paid proper overtime. *Id.* Yet, Plaintiff's Complaint offers no facts to demonstrate that such deduction was for an improper and unlawful reason. Merely asserting that the Plaintiff had a meal deduction by itself does not establish a plausible claim. As highlighted by the cases cited by Plaintiff, in those cases, the plaintiffs identified work performed during the lunch break or identified specifically the company's policy of failing to compensate for a meal period when such plaintiff complained. See e.g., *Reich v. S. New England Telecommunications Corp.*, 121 F.3d 58, 62 (2d Cir. 1997) (identifying work performed during meal period); *Worley v. City of New York*, 2020 WL 915809 (S.D.N.Y. 2020) (identifying specific detailed policy whereby employees were prohibited from notifying employer that they could not take a lunch break); *Early-Simon v. Liberty Medical Supply, Inc.*, 2007 WL 7773834 (S.D. Fla. 2007) (same).[7] Herein, Plaintiff has made no attempt to offer any facts concerning Defendant's policy

---

[7] Similarly, Plaintiff asserts that time traveling between worksites is compensable pursuant to the FLSA and NYLL. See Plaintiff's Memo, p.21. Yet, Plaintiff does not assert in his motion papers or his Complaint any details about Plaintiff's purported time spent traveling or how such travel impacted his claim for overtime.

and practice and again Plaintiff's claim does not rise to the level of a plausible claim. Accordingly, Plaintiff's Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the court grant its motion to dismiss the Complaint, along with such other and further relief as the court deems just and proper.

Date:   April 14, 2021
        Garden City, New York

> Respectfully submitted,
> /s_____
> Joshua Marcus, Esq.
> **FRANKLIN, GRINGER & COHEN, P.C.**
> *Attorneys for Defendant*
> 666 Old Country Road, Suite 202
> Garden City, New York 11530
> 516.228.3131
> jmarcus@franklingringer.com

To:   Abdul Hassan, Esq.
      **ABDUL HASSAN LAW GROUP, LLC**
      *Attorneys for Plaintiff*
      215-28 Hillside Avenue
      Queens Village, NY 11427
      (718) 740-1000
      abdul@abdulhassan.com

10